George L. Morris, Assignee, etc., Respondent, *v.* The First National Bank of New York, Appellant.

On the 5th day of July, 1873, W. & J. filed their petition in bankruptcy; they had at that time a balance to their credit in defendant's bank. On the ninth of the same month they were adjudicated bankrupts. On the twelfth, N. obtained a judgment for a money demand against them; on the nineteenth, in proceedings supplementary to execution, an order was issued restraining defendant from transferring or making any disposition "of any property belonging" to W. & J.; and on the twenty-eighth a receiver was appointed, who demanded and claimed the said balance. On the 1st of October, 1873, plaintiff was appointed assignee of said bankrupts. Defendant refused to pay over to him the balance, and still retains it. In an action to recover the same, *held*, that by virtue of the bankrupt act (U. S. R. S., § 5044), title to the deposit vested in plaintiff on the fifth of July, and the order subsequently served on defendant did not restrain it from paying it over to him, as it was not then the property of W. & J., and that, therefore, the order was no defence.

(Argued January 26, 1877; decided February 6, 1877.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff, as the assignee in bankruptcy of William A. Woodbridge and Stephen M. Jewell, to

recover a balance of deposits to their credit in defendant's bank at the time of the presentation of the petition in bankruptcy.

The facts sufficiently appear in the opinion.

*Charles E. Patterson* for the appellant. The injunction placed upon defendant by the Supreme Court was not dissolved by the proceedings in bankruptcy, and was a good defence to this action (*Sutherland* v. *Davis*, 10 Bk. Reg., 424; *Erie R. Co.* v. *Ramsay*, 45 N. Y., 637; *People* v. *Sturtevant*, 9 id., 263; *People* v. *A. and S. R. R. Co.*, 38 How., 266; 35 id., 438; 32 id., 408; 51 Barb., 368; 13 Pet., 511; *Hawley* v. *Bennett*, 4 Paige, 163; *People* v. *Connolly*, 2 Abb. [N. S.], 615; Hoffman's Prov. Rem., 364; Bump's Pr., 366.) The State court had full jurisdiction to issue this injunction. (Bump's Pr. [6th ed.], 186; *Lanihan* v. *Haman*, 55 N. Y., 652; *Kent* v. *Downing*, 44 Ga., 116, 370; *Johnson* v. *Bishop*, 1 Wood, 324; *Valliant* v. *Childers*, 11 Bk. Reg., 321; *Davis' Case*, 1 Sawyer, 260; *Payson* v. *Dietz*, 2 Dil., 504.) Until an assignee of a bankrupt is appointed, all his property remains in him. (*Sandford* v. *Sandford*, 58 N. Y., 67; *Sutherland* v. *Davis*, 10 Bk. Reg., 424.)

*John Cadman* for the respondent. The order of the State court having been made subsequent to the adjudication in bankruptcy, it was no defence to this action, the property of the bankrupts having already vested in their creditors. (*Johnson* v. *Geisriter*, 26 Ark., 44; Bump's Bky. [6th ed.], 358; *In re Gregg*, 3 Bk. Reg., 131; *Mays* v. *Manuf. Nat. Bk.*, 4 id., 147; *In re Lake*, 6 id., 642; *In re Hinds*, 3 id., 91; *Cone* v. *Percell*, 56 N. Y., 649; *Miller* v. *Bowles*, 58 id., 253.)

EARL, J. On the 5th day of July, 1873, Woodbridge & Jewell had to their credit a balance in the defendant's bank, and on that day they filed their petition in bankruptcy to be declared bankrupts and discharged from their debts. On the ninth day of July they were adjudged bankrupts, and October first, the plaintiff was appointed the assignee of the estate of

the bankrupts and an assignment was duly executed to him. Thereafter plaintiff demanded of the defendant the aforesaid balance and it declined to pay. It is not questioned that plaintiff's right of recovery is complete but for facts now to be stated.

On the 12th day of July, 1873, one Niles recovered a judgment for a money demand against the bankrupts, and on the same day issued execution against their property which was thereafter returned unsatisfied. On the nineteenth day of July, Niles instituted against the bankrupts proceeding supplementary to execution and procured an order from a judge of the Supreme Court requiring defendant's cashier to appear and be examined, which order restrained the defendant from transferring or making any other disposition of any property belonging to Woodbridge & Jewell, or in any manner interfering therewith until further order in the premises. Thereupon such proceedings were had that on the twenty-eighth day of July an order was duly made appointing a receiver of all the property and estate of the debtors, and on the thirty-first day of July the receiver so appointed duly qualified, and as such receiver, he demanded and claimed the balance standing to the credit of the debtors in the bank.

When the plaintiff demanded the balance of the defendant, payment was refused on the ground that it was restrained from payment by the order above mentioned, and it has not paid the balance to any one.

The defence has no foundation. The petition in bankruptcy was filed before Niles obtained his judgment, and it is expressly provided in the bankrupt law (R. S. of U. S., § 5044) that the assignment to the assignee in bankruptcy shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to all the bankrupt's property and estate in the assignee as of that date.

The balance in bank must then be treated as vested in the plaintiff on the fifth of July, and the order of restraint subsequently served upon the defendant forbidding it from interfering with or disposing of the property of Woodbridge &

Jewell did not restrain payment of the balance to the plaintiff to whom it belonged, and it would not have violated the order by payment to the plaintiff. If the order of restraint had been served before the petition in bankruptcy was filed a different question would have been presented.

. We have examined all the authorities to which our attention was called on the argument and none of them are in conflict with these views.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.