## MARSH *v.* TERRELL.

NEW TRIAL.—*Assignment of Error.*—*Evidence.* — *Instruction.* — *Verdict.* — *Supreme Court.*—The allegations that a verdict is contrary to law and is not sustained by sufficient evidence, and alleged error in admitting or excluding evidence, or in giving an instruction to the jury, are causes for a new trial, and are not proper assignments of error in the Supreme Court.

SAME.—*Causes for New Trial.*—*Motion.*—A motion for a new trial must specify clearly and particularly the grounds of the motion.

From the Lawrence Circuit Court.

*S. C. Willson, L. B. Willson* and *N. Crooke,* for appellant.

*G. Putnam* and *G. W. Friedley,* for appellee.

HOWK, C. J.—This was an action by the appellant, as plaintiff, against the appellee, as defendant, to recover the possession of certain real estate, particularly described, in Lawrence county, Indiana.

The appellant's complaint was in the usual statutory form in such cases; and to this complaint the appellee answered by a general denial.

The issues joined were tried by a jury, and a verdict was returned for the defendant, the appellee in this court.

The appellant's motion for a new trial was overruled by the court, and to this decision he excepted, and filed his bill of exceptions, and judgment was rendered on the verdict, in favor of the appellee and against the appellant, for the costs of suit, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

" 1. In ruling that the appellant had not sufficiently established the destruction of the records of the Cook County Court, of the State of Illinois, by fire, to let in secondary proof of the contents of said records;

" 2. In permitting the appellee to read in evidence the

deposition of Cyrus M. Allen, which was not filed for several days after this cause was set for trial on the docket of said court at said term;

" 3.   In permitting the appellee to give parol testimony to contradict the covenants in Allen's deed to Cochran and its other recitals and impeaching his own recorded warranty deed;

" 4.  In giving instructions to the jury, excepted to by the appellant at the time, especially the third, fourth and fifth instructions;

" 5.   The verdict of the jury was contrary to law;

" 6.   The verdict of the jury was not sustained by sufficient evidence; and,

" 7.   The court erred in overruling the appellant's motion for a new trial."

It will be readily seen, we think, that each and all of these alleged errors, with the exception of the seventh and last, are merely causes for a new trial.   They should have been assigned as causes for a new trial, in the appellant's motion therefor addressed to the circuit court.   They were not properly assigned, in this court, as independent errors; and, as such errors, they present no questions for consideration or decision.   This is well settled by numerous decisions of this court.  *Freeze* v. *DePuy*, 57 Ind. 188;  *Wiley* v. *Barclay*, 58 Ind. 577;  *Bailey* v. *Boyd*, 59 Ind. 292;  *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56.

The only questions for decision, therefore, in this case, are those which arise under, and are fairly presented by, the seventh and last alleged error—the overruling of the appellant's motion for a new trial.   In this motion, the following causes were assigned by the appellant for such new trial:

1.   The verdict was contrary to law;

2.   The verdict was not sustained by the evidence;

3.   " The court erred in excluding on the trial legal, competent and material evidence offered by plaintiff;"

4. " The court erred in permitting defendant to give in evidence improper, illegal and incompetent testimony ;" and,

5. " The court erred in giving erroneous instructions to the jury."

We need hardly say that the last three of these causes for a new trial were each too vague, indefinite and uncertain to demand any attention from the circuit court, or to present any question for decision by this court. This rule of practice, which requires that causes for a new trial shall be assigned with clearness, certainty, precision and particularity, was long since established, and is strictly adhered to, in this court. Buskirk Practice, p. 244, *et seq.*, and authorities cited; *Grant* v. *Westfall*, 57 Ind. 121.

The other two causes for a new trial, the first and second, present for decision the simple question, whether or not the verdict of the jury, in this case, was sustained by sufficient legal evidence.

We have carefully examined and considered the evidence in the record, and it seems to us, that this evidence fairly sustains the verdict of the jury.

In our opinion, no error was committed by the circuit court, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.