## No. 7737.

## McClain v. Jessup.

NEW TRIAL.—*Exclusion of Evidence.—Practice.—Supreme Court.*—A motion for a new trial, on account of the admission or exclusion of evidence, must point out with reasonable certainty the particular part of the evidence received or excluded; and, therefore, a motion for a new trial, alleging as a cause, "that the court erred in excluding from

the jury the evidence of   *   *   *   , witnesses offered by the defendant," is insufficient to present any question in the Supreme Court upon the ruling excluding such evidence.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*C. Foley*, for appellee.

ELLIOTT, J.—Appellant prosecutes this appeal from a judgment recovered against him by the appellee, and here assigns error upon the ruling denying his motion for a new trial.

Appellee earnestly contends that the question discussed in appellant's brief is not properly presented, because the appellant's motion is not sufficiently definite and certain. The reasons upon which a new trial was asked are thus stated in the motion:

"1st. That the court erred in excluding from the jury the evidence of the defendant James McClain and John S. McClain, witnesses offered by the defendant, James McClain;

"2d. That the verdict of the jury is contrary to law."

The appellee argues that the first reason indicates, not that some part of the testimony offered was excluded, but that the court excluded all the evidence of the witnesses named, when they did, in fact, testify upon many subjects, and that the motion can not, therefore, be said to specifically point out what evidence was improperly rejected. Counsel's statement, that the witnesses did give testimony upon many points, is borne out by the record, and so, also, is his proposition that the motion for a new trial must specifically point out what evidence was erroneously excluded.

In *Alley* v. *Gavin*, 40 Ind. 446, it was said: "It has been often decided by this court that the reasons for a new trial must specifically point out what evidence was improperly admitted or rejected, when the improper admission or rejection of evidence is the error of which complaint is made."

The closing sentences of the opinion in *Ball* v. *Balfe*, 41 Ind. 224, are as follows: "The motion for a new trial should have specified the evidence which it is claimed was improp-

erly admitted or rejected.   It should name the document or the witness and the part of his testimony which was improperly received or disallowed.''

In *Grant* v. *Westfall*, 57 Ind. 121, it was said that the motion must point out, with reasonable certainty, the particular evidence admitted or excluded.   The language quoted from the case last cited is again used in *Evans* v. *The State*, 67 Ind. 68.   In *Coryell* v. *Stone*, 62 Ind. 307, the motion pointed out the testimony with much more particularity than the motion under examination, and it was held insufficient. In *Marsh* v. *Terrell*, 63 Ind. 363, it was said of the rule under consideration :  ''This rule of practice, which requires that causes for a new trial shall be assigned with clearness, certainty, precision and particularity, was long since established, and is strictly adhered to, in this court.''

. There are many other cases scattered through our reports, declaring and enforcing the rule substantially as laid down in *Ball* v. *Balfe*, *supra*.   That rule is :   The motion must ''name the witness and the part of his testimony which was improperly received or disallowed.''   We do not mean to hold that it is necessary to state, in full, the particular evidence received or excluded, but that it is necessary to point out, with reasonable certainty, the particular part of the evidence.   This may be done by naming the point or subject upon which the evidence was offered and refused in cases where it is excluded, or by naming the subject or point upon which it was received in cases where error is alleged upon the admission of evidence.   This, or other similar modes, will fairly and certainly direct attention to the character of the ruling complained of, and afford both the trial and appellate court a clear and full view of the questions arising upon the ruling.

Tested by the rule which has so long prevailed, the motion of appellant must be deemed insufficient to present any question upon the ruling excluding evidence.

Judgment affirmed.