## NEW LONG DISTANCE TELEPHONE COMPANY v. WHITE ET AL.

[No. 7,079.    Filed February 23, 1910.]

1. TRIAL.—*Permission to File Answer After Beginning of.*—*Telephones.*—*Erection.*—*Damages.*—In a suit to restrain property-owners from interfering with a stub telephone pole, it is not harmful to the plaintiff for the trial judge, after the trial has begun, to permit defendants to file an additional paragraph of answer, alleging that the company had no right to erect such pole, that it was an obstruction to their property, and that they were damaged thereby, the judgment giving no damages on such account. p. 386.

2. APPEAL.—*Erroneous Admission of Evidence.—New Trial.*—The erroneous admission of evidence, where not made a ground for a new trial, is not available on appeal. p. 386.

3. INJUNCTION.— *Telephones.— Interference With.— Decree.—Motions to Modify.*—Where the court found against defendants as to both the complaint and the answer, in a suit to restrain them from interfering with plaintiff's telephone pole and from interfering with the erection of a new one, the defense being that such pole obstructed defendants' enjoyment of their property, and the decree merely forbade defendants from interfering with the existing pole, but forbade the plaintiff from erecting a new one, a motion to modify such decree so as to allow the plaintiff to erect a new pole should be sustained. p. 387.

4. APPEAL.—*Mandate.—When Judgment Ordered.*—The Appellate Court will order a final judgment where justice requires it. p. 387.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Suit by the New Long Distance Telephone Company against Julia White and another. From the decree entered, plaintiff appeals. *Reversed.*

*Milton L. Clawson,* for appellant.

COMSTOCK, J.—Appellant brought suit against appellees to enjoin them from interfering with the location, erection and maintenance of a stub pole and anchor in the street in the town of Cicero, Indiana. The complaint, in substance, alleges that the plaintiff is a corporation organized and operating a system of long distance telephone lines along and over the streets and alleys of said town, under a franchise granted by the town board of said town to the Cicero Telephone Company, and by it transferred to plaintiff for the consideration of $—— by a conveyance, a copy of which is incorporated in the complaint; that said telephone lines extended from the exchange in said town to the village of Baker, in said county; that, acting under the order of the town marshal and in accordance with the instructions of the trustees of said town, plaintiff attempted to locate and establish a stub telephone pole adjoining the property belonging

to the defendants, located on the north side of Jackson street in said town, at a point wholly upon the public highway; that the defendants then and there forbade said plaintiff so to place and to maintain said pole, and still forbid it from so doing, and prevent it from locating and maintaining said pole; that the plaintiff is maintaining a system of long distance telephone lines over the State of Indiana and adjoining states, and said lines connect with the exchange board of the Cicero Telephone Company, now owned by the plaintiff; that said telephone system is connected with 106 subscribers in and around Cicero, and is a part of the general system of said telephone lines; that leading from the plaintiff's local exchange board at Cicero, east on Jackson street in said town, there is a lead on the north side of said street with five cross-arms and fifty wires, which are attached to and fastened upon a large pole belonging to said plaintiff on the north side of said street at the junction of said north Jackson street with the west line of the first alley west of the property of the defendant, Julia White; that the weight of said wires at said junction is 5,000 pounds, and that the only support and anchorage said pole and wires have at present is a stub pole and anchorage upon the highway of said Jackson street immediately east of the east line of said alley north of Jackson street, and said stub pole and anchorage now located at said point are decayed and insufficient to guy up the lead at said point, and that if said pole and anchorage remain in their present defective condition they are liable to fall, bringing down fifty or more wires which are connected with the cross-arms on said pole, and then and there endangering the lives and limbs of the public now using said highway; that if said wires and pole fall at the present time they will fall upon the house and premises first west of the property of defendants; that the trolley wires of the Indiana Union Traction Company run north and south of the first street west of said

alley, and directly under said wires on plaintiff's said lead supported by said decayed, worn and defective stub pole, and there is actual and immediate danger of the falling of said wires upon said trolley wires of said traction company; that said traction company's wires are highly charged with electricity and are unprotected, and if plaintiff's lead should fall, as aforesaid, the electric current from said trolley wires would be communicated to the wires of said plaintiff, and its exchange board and its numerous subscribers, and would set fire to and damage the exchange board, and damage and injure the telephones in the homes of plaintiff's subscribers, and would greatly endanger the residences of the subscribers in said town; that, in order to make said lead safe and secure at said point to hold said wires, it is necessary immediately to place a new anchorage and stub pole on Jackson street in front of the property of defendant, Julia White. Plaintiff asks that they be perpetually enjoined and for damages in the sum of $100.

A demurrer for want of facts to the complaint was overruled and the case put at issue by general denial. After part of the evidence was heard, over the objections of plaintiff, defendants, by permission of the court, filed a second paragraph of answer, in substance as follows: That plaintiff is a corporation duly organized and doing business in the State of Indiana; that on September 7, 1906, plaintiff erected and set a stub pole and anchor rod in the lawn in front of defendant White's property in the town of Cicero, Indiana, and that it was done without her consent and against her will; that plaintiff did not have a legal and valid franchise to locate and set said poles and operate a telephone plant in the town of Cicero, Indiana; that the locating, setting and maintaining of said stub pole and anchor, together with appurtenances, would greatly damage the free use and enjoyment of said defendant's property, and that said action was without any compensation on the part of

plaintiff. A demurrer for want of facts was overruled to said paragraph.

The errors assigned and relied upon for reversal are: (1) The court erred in allowing the filing of appellees' second paragraph of answer over appellant's objection; (2) in overruling appellant's demurrer to the second paragraph of answer; (3) in overruling appellant's motion to modify judgment; and (4) in overruling appellant's motion for a new trial.

The court committed no error as to the first two specifications assigned, but, in any event, the appellant was not harmed thereby, because there was no proof of damages

1.  ages made by any recognized rule for the measure of damages and no judgment for damages was rendered against appellant.

The action of the court in admitting and excluding certain evidence is excepted to, but such rulings are not available, because they are not made grounds for a new trial.

2.  That the judgment of the court is not sustained by sufficient evidence and that it is contrary to law are the only reasons assigned for a new trial. The court finds generally that the allegations of the complaint are true, that the plaintiff is entitled to a permanent and perpetual injunction enjoining the defendants and each of them from interfering with or in any way molesting said stub pole placed in said position, in pursuance of a temporary restraining order granted by the trial court on September 8, 1906, and now maintained by plaintiff upon said street in front of defendant White's said premises, and that plaintiff is not entitled to maintain the anchor and anchor wire now attached to said stub pole and used as a stay or brace therefor. In accordance with the general finding, a decree was entered that the defendants and each of them and all persons claiming by, through or under them, or either of them, be and are hereby permanently and perpetually enjoined from in any way interfering or molesting the stub pole now

maintained by plaintiff in said street, and that the plaintiff is granted thirty days from this date within which to remove the anchor and the anchor wire running from the ground to said stub pole, etc.   It was further ordered that the plaintiff recover of the defendants its costs occasioned by the filing of the complaint, issuing and serving summons and writ of temporary restraining order and the costs made by defendants in summoning their witnesses, and the witness fees of said witnesses, which costs and fees are taxed at $——, and that the defendant recover of the plaintiff all other costs in this cause, taxed at $——.   The evidence, without conflict, sustains the material allegations of the complaint. It is also shown, without conflict, that the ingress to and egress from appellees' premises were not and will not be in any way interfered with by the location and maintenance of said pole and anchor.

Appellant moved that the court modify the foregoing judgment, in this: that the plaintiff be entitled to erect and maintain said stub pole and anchor at the point and places mentioned in plaintiff's complaint, and as prayed for therein, that said defendants, and each of them, be permanently and perpetually enjoined from in any way interfering with the location, erection and maintenance of said stub pole and anchor at the places mentioned and prayed for in said plaintiff's complaint, that the court enter a decree in accordance with the allegations of plaintiff's complaint and the prayer for relief prayed for therein, and that a judgment be rendered against defendants for all costs.

The motion to modify should have been sustained.   We have no reason to conclude that any useful purpose would be subserved by another trial.   The judgment is therefore reversed, with instructions to the trial court to sustain appellant's motion to modify the judgment, said modification not to allow appellant damages, as prayed in the complaint.