(163 App. Div. 17)

## ECKERT v. TRUMAN.

(Supreme Court, Appellate Division, Second Department.   June 5, 1914.)

1. APPEAL AND ERROR (§ 868*)—REVIEW OF ORDERS—NOTICE OF APPEAL.

Under the express provisions of Code Civ. Proc. § 1301, previous orders may be reviewed under a subsequent notice of appeal only when such notice is from a final judgment, or final order in a special proceeding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3487; Dec. Dig. § 868.*]

2. APPEAL AND ERROR (§ 1170*)—REVIEW OF ORDERS—NOTICE—SUFFICIENCY.

Under Code Civ. Proc. § 723, requiring that immaterial errors be disregarded, the Appellate Court could treat a notice of appeal from an order of January 6, 1914, which stated that defendant intended thereby to review two prior orders, as an appealing from such prior orders, where it was served within 30 days from the entry of the earliest order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

3. TROVER AND CONVERSION (§ 70*)—JUDGMENT IN TROVER—TITLE OF PROPERTY.

A judgment in trover, if satisfied, passes title to the property in controversy, but entry of judgment without satisfaction does not pass title.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 314; Dec. Dig. § 70.*]

4. TROVER AND CONVERSION (§ 70*) — SUIT FOR CONVERSION — EFFECT AS WAIVER.

By bringing a suit for the conversion of corporate stock, plaintiff waived her right to require defendant to deliver the stock certificate.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 314; Dec. Dig. § 70.*]

5. EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDINGS—JURISDICTION.

In supplementary proceedings to enforce a money judgment, the Supreme Court had no summary power at Special Term on motion to order the debtor and her attorney to deliver to the judgment creditor certain corporate stock, for conversion of which the judgment had been obtained, though the debtor had made a colorable transfer of such stock to her son pending the litigation.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159; Dec. Dig. § 402.*]

6. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER—EFFECT.

The appointment of a receiver in supplementary proceedings to enforce a money judgment was ineffective to restrain the judgment debtor from disposing of her property, though she was chargeable with her attorney's knowledge of such appointment where the order did not restrain the disposal of the property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

Appeal from Special Term, Kings County.

Proceedings supplementary to judgment by Claudine Eckert against Clara M. Truman.   From adverse orders, defendant appeals.   Reversed.

See, also, 146 N. Y. Supp. 1089.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Albert C. Aubery, of New York City, for appellant.
Joseph P. Reilly, of Brooklyn, for respondent.

PER CURIAM. After the plaintiff had recovered a judgment annulling a conveyance made to this defendant, and for the costs of the suit, she brought a second action on July 7, 1913, for conversion of a stock certificate of 100 shares of "Castle Edward," Lake Hopatcong, N. J. In the supplemental proceedings upon the judgment for costs, defendant disclosed that she had this stock, whereupon a receiver was appointed on October 30th, who qualified on November 1st, and served notice of his appointment on November 15th. The court orders for opening a safe deposit box failed, however, to reach the stock. The action for conversion came on for trial on November 21st. This stock certificate was in evidence, and with other exhibits went into the jury room. When with the verdict in favor of plaintiff this certificate was returned to the court, the receiver asked that it be delivered to him. Defendant's counsel declined, and the trial justice remarked that plaintiff, having a money judgment for its value, could not at the same time take away the stock, and directed the clerk to hand the certificate to defendant's attorney, who the following day gave it to the defendant. Upon affidavits showing the above facts, an order to show cause was made returnable December 3d why the judgment debtor and her attorney should not surrender this stock certificate, or stand in contempt. The order, however, contained no injunction clause. Defendant in the meantime had disposed of the stock to her son, Herbert F. Truman, who asserted that he became the buyer of the stock and had paid cash therefor. The learned justice at Special Term ordered the debtor, Mrs. Truman, and her attorney, to hand over the stock to the receiver, and, upon failure to obey, that they be each adjudged in contempt. This order was dated December 11th, and filed December 12th. Defendant's subsequent motion for resettlement was denied by order of December 29th. A further motion was made to vacate the order of December 29th, or to correct its recitals, which was denied by order of January 6, 1914. Defendant appealed from the order of January 6th, and in her notice states that she intends thereby to review the prior orders of December 11th and 29th.

[1] Previous orders may be reviewed under a subsequent notice of appeal, but it is only when such notice of appeal is from a final judgment, or from a final order in a special proceeding. Code Civ. Proc., § 1301; Arkenburgh v. Arkenburgh, 14 App. Div. 367, 43 N. Y. Supp. 892.

[2] However, under Code of Civil Procedure, section 723, we may treat this inartificial notice as appealing from the two prior orders, since it was served within 30 days from the earliest order, entered December 12, 1913.

[3] Plaintiff's right to this stock is complicated by her judgment in the action of trover. Such judgment, if satisfied, passes title, but entry of judgment without satisfaction did not change title. Thayer v. Manley, 73 N. Y. 307, 309; 38 Cyc. 2112.

[4] Still, the act of suing for conversion did change plaintiff's posi-

tion. By bringing suit in this form, plaintiff waived the right to require from defendant the delivery of the certificate, and her election instead was to hold defendant responsible for its value as for a conversion. Kelly v. Forty-Second Street, etc., R. Co., 37 App. Div. 500, 505, 55 N. Y. Supp. 1096. While the trial justice's remark did not purport to adjudicate the title, and was a direction only as to the clerk's disposition of exhibits, it was a correct statement as to the right of possession of the stock certificate at that time, before entry of judgment.

[5] If defendant's delivery of this stock certificate to her son was colorable, so as to put it beyond plaintiff's reach, still, the court at Special Term had not the summary power upon motion to order the debtor and her attorney to deliver it to the judgment creditor. Kenney v. So. Shore Natural Gas & Fuel Co., 201 N. Y. 89, 94 N. E. 606; Shea v. Lynskey (Sup.) 133 N. Y. Supp. 477.

[6] While the defendant may be charged with her attorney's knowledge that an order had been made appointing a receiver, yet the terms of that receivership order were ineffective if defendant was not restrained from disposal of the property. Morris v. First Nat. Bank, 68 N. Y. 362. It is urged that, the appointment of the receiver being known to defendant, whose attorney had also received notice of the filing of the receiver's bond, the receiver's official right to all the debtor's property (including this stock) became vested, so that, without any injunction clause, this making away of the stock was punishable as a contempt. But the difficulty is that the defendant was not forbidden to dispose of the stock which, after a judgment for its value, was not under any possessory right of plaintiff. A litigant, with the attorney, cannot be adjudged in contempt and subject to the penalty of fine or imprisonment, without a proper foundation. Here was an attempt, by means of the common-law remedy for conversion, to reach a *chose in action,* when plaintiff apparently had an equitable remedy by which she might have stopped the defendant from passing off the stock, and eventually have procured its surrender to the rightful owner.

Order dated December 11, 1913, must be reversed, with $10 costs and disbursements, and motion to punish for contempt denied, without costs, and without prejudice to further proceedings to reach the stock in question. This also disposes of the orders of December 29, 1913, and January 6, 1914, which will stand reversed, without costs.