SCHOENFELD-YATTER COMPANY *v.* CLINE ET AL.

[No. 9,263.   Filed April 17, 1917.]

1. APPEAL.—*Findings.—Conclusiveness.*—The court on appeal will not disturb the finding of the trial court if there is any evidence tending to support it. p. 291.

2. WITNESSES.—*Credibility.—Determination by Court.*—On a trial without jury, the court, in weighing the evidence, may consider the manner and appearance of witnesses, their apparent fairness or unfairness, the reasonableness or unreasonableness of their testimony, the means of knowing the facts testified to, and all circumstances in any way tending to aid the court in determining the credibility of witnesses and in ascertaining what facts have been established. p. 291.

3. TRIAL.—*Inferences from Facts Proved.*—On a trial without jury the court may draw any reasonable inferences warranted by the facts and circumstances shown by the evidence. p. 291.

4. SALES.—*Action by Vendor.*—*Conditional Sale.*—*Evidence.*— *Sufficiency.*—In an action to replevy a quantity of merchandise claimed to have been delivered under a conditional contract of sale by which title did not pass to defendant until the goods were paid for, evidence showing that a written memorandum of sale purporting to give the right to retake the goods if the vendor became dissatisfied with the payments contained no reference to reservation of title by plaintiff, that notes were taken for the purchase price, and that a statement of account rendered by plaintiff referred only to an open account, was sufficient to warrant the inference that there was no conditional sale of the goods. p. 291.

5. SALES.—*Conditional Sales.*—*Replevin by Vendor.*—*Burden of Proof.*—In an action to replevin goods claimed to have been delivered under an agreement whereby the seller reserved title until payment was made, plaintiff had the burden of showing its right to take and hold the goods. p. 292.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by the Schoenfeld-Yatter Company against Samuel T. Cline. Charles L. Surprise, as trustee in bankruptcy of the estate of Samuel T. Cline, filed an intervening petition and was made a party defendant. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*L. V. Cravens* and *Frank Schoenfeld,* for appellant.
*William J. Whinery* and *Dulsky & Dulsky,* for appellees.

FELT, C. J.—This suit was brought by appellant against appellee Cline on August 8, 1914, to replevy certain merchandise alleged to be the property of appellant and to be unlawfully detained in the possession of said Cline in Lake county, Indiana. On September 18, 1914, appellee Surprise, as trustee in bankruptcy of appellee Cline, filed an intervening petition in this cause in the Lake Superior Court, was made a party defendant to the suit, and thereafter filed an answer to the complaint in general denial. The case was tried by the court and

resulted in a finding and judgment for appellees that they were entitled to a return of the property and, upon failure of appellant to return the same, to recover $1,200, the value of the property. Appellant's motion for a new trial was overruled and an appeal was taken to this court. The only error assigned is the overruling of appellant's motion for a new trial.

The grounds for a new trial presented and urged for reversal are: (1) That the decision of the court is not sustained by sufficient evidence; and (2) the decision is contrary to law.

Henry W. Schoenfeld, a witness on behalf of appellant, testified, in substance, as follows: "I am treasurer of the plaintiff, a corporation engaged in the wholesale clothing business in Chicago, Ill. Formed the acquaintance of Samuel T. Cline the latter part of August, 1913, at plaintiff's place of business in Chicago. He informed me he was going to put in a stock of clothing in a department store in Gary, Indiana, and that he desired to purchase a bill of clothing from the company. He said he could only raise about $1,500 and I took the matter under advisement and told him to return in a day or so. He came back and I informed him that in view of the fact that he had so small an amount of money and would need a large amount of clothing, we decided to let him select the goods and would send them to him, the title to the goods 'to remain with us until your account is entirely paid for.' He said that would be perfectly satisfactory and he would come in a few days and make his selections. He afterwards came in and made selections and goods were shipped to him from time to time as he purchased them. He came in every week or two. Mr. Cline was in the office in February, 1914, and I dictated a paper which he signed."

The instrument written on the letter head of "Levin-

son, Schoenfeld & Yatter Co." was offered in evidence and, omitting the heading, is as follows:

"Chicago, February 6, 1914.
"This is to certify that I have received from Levinson, Schoenfeld & Yatter Co., merchandise invoice dated *from Aug. 30 to date* and in the event said Levinson, Schoenfeld & Yatter Co. become dissatisfied with my payments therefor, I authorize them to re-take said merchandise out of my store and charge me with all reasonable and necessary expense in so doing.
"[Signed]    S. T. Cline.
"Witness:
  J. J. Narten."

"Cline's payments became unsatisfactory and we informed him we could see no ultimate success for him and demanded that he send our goods back. He refused to do so and did not send them back. We then brought this suit and at the time there was due us about $3,600. The goods we received back from the sheriff are worth about $1,200. The property taken by the sheriff was our property, but not half the property delivered to Cline."

On cross-examination the witness testified that when he made the arrangement with Cline to sell goods to him he did not know what particular goods he would buy and did not then show him any goods. A part of the goods sold him had to be manufactured. Mr. Cline bought the goods to be sold at retail in his store at Gary, Indiana, and "we rendered a bill with each shipment. When the sheriff took the goods from Cline, I don't know whether they were of the first consignment or what consignment. I know they were of our goods of prior shipments. I do not know when any of the goods taken by the sheriff were shipped to Cline. The only conversation I had with Cline about the title was when he came back the second time before he obtained the goods and in February when I told him about

that conversation and told him I wanted 'a little memoranda of it for my records.' I dictated it and gave it to him to sign and he said, 'Gladly.' Cline gave us some notes and we discounted them at the bank. He defaulted in payment and we took them up and later returned them to him. Do not have the notes or the books with me. The notes were given for the amount of Cline's balance on the ledger and were payable at the Continental Commercial Bank. I cannot tell the exact date of the notes, but think they were given in 1914."

There was also evidence tending to show that Cline's attorney sent a letter to creditors to obtain an extension of the time for paying his bills and that before the trial appellant's attorney was duly served with a notice to produce all notes given to Cline since August, 1913; all letters and correspondence from Cline; the journal, ledger and other books of appellant which show transactions had between plaintiff and S. T. Cline from August 1, 1913, to September, 1914. In response to the said notice a statement was produced and offered in evidence showing an open account against S. T. Cline in favor of "Levinson, Schoenfeld & Yatter Co." of Chicago, Ill.

The account contains fifteen items charged against Cline from August 30, 1913, to April 8, 1914, aggregating $5,322.50, also fifteen credit items aggregating $1,694.27, the first of which bears date of October 15, 1913, and the last June 18, 1914. The account indicates a balance against Cline of $3,628.23, and has nothing to distinguish it from the usual open, running account.

Letters were produced and offered in evidence as follows:

"July 11th, 1914.
"Messers. Levinson, Schoenfeld & Yatter Co.,
   Chicago, Ill.
"Gentlemen:—
   "In re S. T. Cline, Gary, Ind.
   "You no doubt are informed of the status of the
above account.   He wrote us on the first inst. that
he would remit in a very short time, instead of
which we received a letter from his attorney.
   "What form of adjustment would you advise in
the matter?   We will be pleased to hear from you.
                    "Yours Very Truly,
                    "Samuel Rosenthal & Bros.,
                              "Credit Dept."


                    "Schoenfeld-Yatter Co.,
                         Successors to
               Levinson, Schoenfeld & Yatter Co.
"Telephones Wabash 3336   Auto 58-295
"S. W. Corner Market & Van Buren Streets.
            "Makers of XL. All Clothes
                         "Chicago, July 13, 1914.
"S. Rosenthal & Bros.
   New York City.
"Gentlemen:
   "We are in receipt of yours of the 11th inst., and
in reply wish to state that we have watched this ac-
count very closely.   The conditions have been so
terribly bad at Gary that the merchants there are
in a very precarious condition.
   "We, ourselves, have accepted the extension prop-
osition in this matter, as feel when things brighten
up that this party will make every effort possible
to take care of his obligations.
                    "Yours very truly,
                         "Schoenfeld-Yatter Co."

The foregoing statement is the substance of the evi-
dence relied upon by appellant to sustain its contention
that the undisputed evidence shows that the goods in
controversy were delivered to appellee Cline under a
contract of conditional sale by which the title to the
goods did not pass to him until paid for and also that
the goods taken under the writ of replevin were the

identical goods of appellant so sold and delivered to appellee Cline.

The trial court having found for the appellees, this court will not disturb such finding if there is any evidence tending to support it. In weighing evidence the trial court has the right to consider the manner and appearance of the witness while testifying; his apparent fairness or unfairness as a witness; the reasonableness or unreasonableness of his testimony; his means of knowing or not knowing the things to which he has testified and all the facts and circumstances of the case as shown by the evidence which may in any way aid the court in determining the credibility of the witness and in ascertaining what facts have been established, and what have not been proven by the evidence.

The trial court may also draw any reasonable inferences warranted by the facts and circumstances shown by the evidence. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784.

The finding is general and includes a finding against appellant on the issuable fact of a conditional sale of the goods by appellant to appellee Cline. The witness on whom appellant relies testified that in making the original sale title was reserved in the goods sold until paid for, and that in February he called Cline's attention to that conversation and requested a written memorandum of the agreement for his records; that he dictated the writing and Cline signed it. The instrument contains no reference to title or reservation of title in appellant and only purports to give appellant the right to take the merchandise out of Cline's store if appellant should become dissatisfied with payments made therefor. The instrument purports to give such rights as to invoices down

to February 6, 1914, but does not cover subsequent shipments. The account offered in evidence shows five items charged against Cline subsequent to that date aggregating $941. If, as indicated by the witness, the writing was to be a memorandum of a previous agreement, it is remarkable that the one vital element of a conditional sale should be entirely omitted, and that no reference should be made therein to such previous agreement or its terms, and that instead thereof there is an apparent reference only to the open, running account beginning August 30.

The evidence also shows that notes were taken from Cline for the balance due appellant for the goods sold to him. The foregoing and other facts and circumstances shown by the evidence are sufficient to warrant the inference that there was no conditional sale of the goods or reservation of title in appellant. Furthermore, the evidence of the identification of the goods taken on the writ of replevin is not so conclusive as to enable this court to say that the trial court was not warranted in finding it insufficient to properly identify such goods as the property of appellant.

Appellant had the burden of showing its right to take and hold the goods. While there is evidence tending to support appellants' contentions, it is not conclusive, and on the whole there is some evidence tending to support the finding.

The court did not err in overruling the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 115 N. E. 787. Conditional sales: acceptance of purchase money note from vendee, effect, Ann. Cas. 1916A 331. See under (4, 5) 35 Cyc 702.