HOOKER v. C. R. PEASE CONSTRUCTION COMPANY.

[No. 10,325. Filed April 29, 1920.]

1. APPEAL.—*Motion for New Trial.—Certainty.—Evidence.*—A specification in a motion for new trial relating to the admission in evidence of "copies of certain pretended written instruments," etc., was not sufficiently specific to apprise the trial court of the errors complained of, and therefore presents no question on appeal. p. 238.

2. APPEAL.—*Motion for New Trial.—Certainty.—Building Contracts.*—A specification in a motion for new trial relating to the admission of parol evidence of "the doing of a great amount of pretended extra and additional work," etc., was not sufficiently specific to apprise the trial court of the errors complained of, and therefore presents no question on appeal. p. 239.

3. EVIDENCE.—*Admissibility.—Action on Building Contract.—Bill Rendered Contractor.*—In an action by the contractor to recover an alleged balance due for the construction of a building, where the contract took the plumbing into consideration at $50 and provided that any variation from such amount would be allowed, and the contractor alleged and testified to

an excess in his expenditure for plumbing and that a named firm of plumbers did the work, a bill rendered to the contractor by the firm of plumbers, for the work done on the building by them, was admissible. p. 239.

4. EVIDENCE. — *Contracts.* — *Actions for Breach.* — *Offer Made Prior to Execution of Contract.*—*Admissibility.*—A written offer to construct a building made prior to the execution of a written contract for such work, complete in itself and containing no reference to the prior offer, is not part of the contract and is inadmissible in evidence in an action for the breach thereof. p. 240.

5. CONTRACTS.— *Building Contracts.*— *Arbitration Clause.*— *No Effect on Contractor's Action When Ignored by Owner.*—An action is maintainable by the contractor for extra work and alterations notwithstanding a clause in the contract providing for arbitration in case of failure to agree on the price of alterations, where the owner ignored the provisions of such clause by giving directions concerning the work on the building and changes in its construction independent of the architect. p. 240.

6. APPEAL.—*Motion for New Trial.*—*Evidence.*—No question as to the exclusion of an exhibit is presented where it is not mentioned in the motion for a new trial. p. 241.

From Marion Superior Court (103,382) ; *Vincent G. Clifford,* Judge.

Action by the C. R. Pease Construction Company against James H. Hooker. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. Fred Masters,* for appellant.

*Romney L. Willson* and *Russell Willson,* for appellee.

ENLOE, J.—This was an action by appellee against the appellant to recover an alleged balance claimed to be due the appellee as contractor on account of the construction of a building at 419-423 East Market street, Indianapolis.

The complaint upon which the cause was tried was in three paragraphs, to which the appellant answered in two paragraphs, the first being a general denial, and the second alleging payment. Appellant also filed a cross-complaint, alleging that he had overpaid appellee,

238    APPELLATE COURT OF INDIANA,

Hooker v. Pease Const. Co.—73 Ind. App. 236.

and asking for judgment for the amount alleged to have been so overpaid.   To this cross-complaint the appellee answered in general denial.

The issues thus formed were submitted to the court for trial, which found for the appellee upon its complaint, and that it was entitled to recover of and from the appellant the sum of $461.14.   Judgment was rendered accordingly.   Appellant's motion for a new trial having been overruled, he prosecutes this appeal.   The only assigned error presented by appellant in his brief is that relating to the action of the court in overruling said motion.   The questions presented for our consideration arising under said motion relate:   (1) To the sufficiency of the evidence to sustain the finding of the court; (2) to the admitting of certain evidence over the objections of appellant; and (3) to the excluding of certain evidence offered on behalf of appellant.

One of the reasons assigned by appellant in his motion for a new trial was as follows:   "That the court further erred in permitting the plaintiff over the 1. objection of defendant, to testify to the contents of, and introduce in evidence, purported copies of certain pretended written instruments not alleged in his complaint to have been lost or destroyed, without first showing that notice had been served upon the defendant to produce the original thereof."

This specification is insufficient to present any question for our consideration.   It relates to the introduction in evidence of "copies of certain pretended written instruments," but there is no attempt to designate and call the attention of the trial court to the several specific instruments, severally, of which they complain.   This motion as to the above specification did not fairly apprise the trial court of the specific errors complained of, so that it might give due consideration to the same and, if it found that error had been committed, grant a new

NOVEMBER TERM, 1919.          239

Hooker v. Pease Const. Co.—73 Ind. App. 236.

trial.   In *Marsh* v. *Terrell* (1878), 63 Ind. 363, the court said:   "This rule of practice, which requires that causes for a new trial shall be assigned with clearness, certainty, precision and particularity, was long since established, and is strictly adhered to, in this court." The rule as above announced is still strictly adhered to. *Dunn* v. *State* (1904), 162 Ind. 174, 70 N. E. 521; *McClain* v. *Jessup* (1881), 76 Ind. 120.

The next specification in the motion for a new trial was as follows:   "The court further erred in permitting the plaintiff to prove, or attempt to prove, by parol testimony, the doing of a great amount of pretended extra and additional work upon the building contemplated in the original contract sued upon,   *   *   *."

For the reasons above stated, this assignment is insufficient to present any question for our consideration.

Complaint is next made that the court erred in admitting in evidence plaintiff's exhibit 15.   The objection made on the trial to the introduction of this exhibit was that it was a "statement by an outside party, not signed by the parties, or accepted by the defendant."   Exhibit 15 was a statement rendered to the contractor, appellee, by Freyn Brothers, plumbers, for work done on the building in question.   The specifications for the building, which were a part of the contract between the parties, provided as follows: "The contractor is to figure the following items as stated below:   Plumbing $50.00,   *   *   *.   Any variation from these figures will be allowed to, or charged to the owner."   The plaintiff in his complaint had alleged that there was due him on account of extra cost of plumbing, $119.96.   It was incumbent upon him to prove the cost of the said plumbing, and that it was in excess of $50 named in said specifications and contract before he would be entitled to receive anything in that behalf.

240    APPELLATE COURT OF INDIANA,

Hooker *v.* Pease Const. Co.—73 Ind. App. 236.

The bill rendered by said plumbers was in the sum of $169.96, from which should be deducted the said $50, leaving the amount due appellee $119.96 as claimed. The appellee had already testified that he had paid the plumbing bill in the amount of $169.96 to Freyn Brothers, and that they did the plumbing in question. The court did not err in admitting this exhibit.

It is next urged that the court erred in excluding exhibit No. 18, offered by appellant as a part of its case during cross-examination of C. R. Pease.

4.    This exhibit was an offer under date of June 17, 1915, by the appellee, to the appellant, covering the construction of the building in question. The contract under which said building was erected was entered into by the parties to this suit on June 26, 1915, and was complete in itself, and made no reference whatever to the offer of June 17. The offer of June 17, therefore, not being in any way a part of said contract under which said building was constructed, was entirely immaterial and the court did not err in excluding the same.

The defense in this case was bottomed upon the following provisions in the building contract herein, viz.:

5.    "Art. III.    No alterations shall be made in the work herein except upon the written order of the architect; the amount to be paid by the owner, or allowed by the contractor by virtue of such alterations, to be stated in said order. Should the owner and contractor not agree as to the amount to be paid, or allowed, the work shall go on under the order required above, and in case of failure to agree, the determination of said amount shall be referred to arbitration, as provided in Article XII of this contract."

Appellant insists that, as the parties had agreed to an arbitration of any differences that might arise under this section, this action was not maintainable under the facts in evidence.

Upon the record before us it conclusively appears that the appellant, shortly after the work of constructing said building was started, entirely ignored said Art. III, and gave directions concerning the work on said building and changes in the construction thereof, independent of the architect. Also, a part of the work, for which compensation is claimed in this suit, had nothing to do with the original building contract. That contract did not include the work done in placing the concrete around the "gas tank," the building of the "driveway" in the rear of the building, nor the "cement walks from the driveway to the property line," all built, as shown by the evidence, at the direction of appellant, and for which appellee was entitled to compensation.

Appellant in his brief, under "Points and Authorities" presents the question of error by the court in excluding exhibit No. 20, but, as this exhibit is 6. not mentioned in the motion for a new trial, no question is presented.

No error has been presented. The finding is sustained by the evidence, and the judgment is therefore affirmed.