## PEOPLES STATE BANK *v.* KELLY, RECEIVER.

### [No. 11,223.   Filed June 21, 1922.]

1. CORPORATIONS.—*Conversion of Corporate Assets by Officer.— Payment to Creditor.— Recovery by Corporation.— Notice of Conversion.*—Where an officer of a corporation sold property belonging to it and used the proceeds to discharge his personal indebtedness to a bank, the receiver of the corporation could recover from the bank the amount paid to it, though the bank had no knowledge that the money had been the property of the corporation and had been converted by such officer to his own use. p. 422.

2. JUDGMENT.—*Judgment against Wrongful Taker of Property. —Conclusiveness.—Right of Owner to Claim Property.*—Generally, when an owner pursues a wrongful taker of his property by suit for damages, and obtains a judgment therein which is satisfied, he can no longer assert a claim to the property, but the mere rendition of such judgment, without satisfaction thereof, does not preclude him from claiming the property. p. 423.

3. JUDGMENT.—*Conversion of Corporation Assets by Officer.— Judgment.—Right of Officer to Sue Creditor Receiving Property.*—Where an officer of a corporation sold its assets and used the proceeds to pay his creditor, the rendition of a judgment in favor of the corporation against such officer for the property appropriated by him did not preclude the corporation from suing the creditor for the amount received in discharge of the officer's indebtedness, where the judgment was not satisfied. p. 423.

4. ESTOPPEL.—*Loss by One of Two Innocent Persons.—Liability.*—The general rule that, where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it, will not be applied where the wrong was accomplished through the instrumentality of a criminal act, nor where it will cast the loss upon a principal merely because the one committing the wrongful act was his agent. p. 424.

5. ESTOPPEL.—*Conversion of Corporate Assets by Officer.—Payment of Proceeds to Creditor.—Recovery by Corporation from Creditor.*—Where an officer of a corporation converted its assets to his own use and paid the proceeds derived from the sale thereof to his creditor in discharge of a personal indebtedness, the creditor could not defend the corporation's action against it to recover such money on the ground that, where one of two innocent persons must suffer by the acts of a third,

Peoples State Bank *v.* Kelly, Rec.—78 Ind. App. 418.

he who has enabled the third person to occasion the loss must sustain it, the rule being inapplicable in such a case. p. 424.

6. CORPORATION.—*Conversion of Corporate Assets by Officer.— Evidence.*—Evidence that the officer of a corporation sold its assets and that he deposited the proceeds of the sale with a bank in his own name, *held* sufficient to sustain a finding that he converted the money to his own use. p. 425.

7. TRESPASS AND TROVER.—*Conversion.—Evidence.—Subsequent Disposition of Converted Funds.*—The fact of conversion is not dependent on the subsequent disposition of the funds converted. p. 425.

8. NEW TRIAL.—*Grounds.—Insufficiency of Evidence to Sustain Unnecessary Finding.*—That the evidence is insufficient to sustain a finding which is not essential to plaintiff's right of recovery is not ground for new trial. p. 425.

9. CORPORATIONS.—*Conversion of Assets by Officer.—Payment to Bank.—Action by Corporation.—Burden of Proving Receipt of Money in Payment of Corporate Debts.*—Where an officer of a corporation sold its assets and deposited the proceeds with a bank in his own name, and the corporation brought suit to recover the money on the theory that the officer had paid the money to the bank in discharge of his personal indebtedness to it, and the bank defended on the ground that the money was paid in discharge of the corporation's debt, the burden of proving that fact was on the bank. p. 426.

10. APPEAL.— *Question Reviewable.— Erroneous Admission of Evidence.—Failure to Specify as Ground for New Trial.*—The alleged erroneous admission of evidence, where not specified as ground for new trial, is not reviewable on appeal. p. 428.

11. APPEAL.—*Questions Presented.—Admission of Documentary Evidence.— Specification of Ground for New Trial.— Sufficiency.*—A specification in a motion for new trial that the court erred in admitting all the evidence connected with a cause specified by number, which began on a given date in a named court, *held* insufficient to present for review any question as to the admission of the complaint, answer, verdict and judgment in such cause, since in such a case the motion should name the particular instrument which was improperly admitted. p. 428.

12. APPEAL.— *Questions Presented.— Admission of Evidence.— Failure to Object Below.*—Alleged erroneous admission of evidence is not available on appeal, where no objection to its introduction was made in the trial court. p. 429.

13. APPEAL.— *Questions Presented.— Admission of Evidence.— Bill of Exceptions.*—No question is presented for review on appeal by a specification in motion for a new trial that the

court erred in admitting evidence on one theory, after proceeding to trial on another theory, openly avowed, where appellant fails to show by bill of exceptions or otherwise that such an avowal was made; a statement of facts in the motion for new trial not being sufficient.   p. 429.

From Marion Superior Court (A5,383); *Oren S. Hack,* Special Judge.

Action by John J. Kelly, receiver of the Morton Place Automobile Company, against the Peoples State Bank. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*L. Roy Zapf* and *James E. Rocap,* for appellant.
*John W. Holtzman* and *John J. Kelly,* for appellee.

BATMAN, C. J.—This is an action by appellee against appellant for money had and received.   The complaint is in the usual form for such an action, and was answered by a general denial.   The cause was submitted to the court for trial, and on request a special finding of facts was made and conclusions of law were stated thereon.   The court found, among other things, that on December 6, 1917, the Morton Place Automobile Company, a corporation, was the owner of certain personal property of the value of $1,500, and had liabilities aggregating approximately $3,000; that on said day Elder C. Zaring, who was the treasurer and manager of said company, sold its said personal property for the sum of $1,500, which sum he received and converted to his own use; that on said date said Zaring was indebted to appellant in the sum of $1,500, evidenced by his personal notes executed to it; that after he received said $1,500 from the sale of the personal property belonging to said company he deposited the same with appellant in his own name and to his own account; that thereafter, by his personal checks on said account, he turned over to appellant said sum of $1,500, in discharge of his said

personal indebtedness to it; that appellant received and accepted said sum without any consideration whatsoever running to said company, and has ever since held and now holds the same; that on December 13, 1917, appellee was appointed receiver for the said automobile company, and thereafter instituted a suit against said Zaring to recover the money so converted by him; that said suit was cause No. A-1628 in the superior court of Marion county, Indiana, and resulted in a judgment in favor of appellee against said Zaring for said sum of $1,500 for the unlawful conversion by him of said money, which was the property of said automobile company; that an appeal was taken from said judgment to the Appellate Court of Indiana, and thereafter was affirmed before the commencement of this action, as Cause No. 10,485 in said court; that no part of said judgment has been paid, and said Zaring has no property out of which the whole, or any part thereof can be satisfied; that on July 18, 1918, prior to the commencement of this action, appellee demanded from appellant said sum of $1,500, which it had received from said Zaring, but said demand was refused; that said sum, so received by said Zaring from the sale of said personal property, was and is the property of said Morton Place Automobile Company. The court stated as its conclusions of law on the facts found, that the law is with the appellee, and that he is entitled to recover on his complaint against appellant, the sum of $1,500, together with six per cent. interest thereon from July 26, 1918. After the rendition of judgment, appellant filed a motion for a new trial, which was overruled, and is now prosecuting this appeal on an assignment of errors containing fourteen specifications, but only those, based on the action of the court in stating its conclusions of law and in overruling appellant's motion for a new trial present any question.

We are first met with the contention on the part of appellee, that appellant's brief does not comply with the well-established rule which requires that it shall contain "under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them." There is some merit in this contention, and a strict adherence to the rule would require that we refuse to consider certain questions, which appellant seeks to have determined. However, our desire to avoid such a result, whenever it is reasonably possible to do so, has led us to view appellant's efforts in the particulars mentioned, as having been made in good faith, resulting in a substantial, although not a full compliance with the rule.

Appellant, in support of its contention that the court erred in stating its conclusions of law, asserts that appellee is not entitled to recover in this action, 1. under the facts found, because there is a failure to find that it had notice of the source of the $1,500 belonging to the Morton Place Automobile Company, which was applied by Zaring on his indebtedness to appellant, as stated in the special finding of facts. Appellant has cited numerous decisions of courts of other jurisdictions in an effort to sustain its contention, that such notice is essential to a right of recovery in an action of this kind. However, we need not consider what the rule in this regard may be in such jurisdictions, as a contrary rule has been established in this state, which we must follow. *Porter* v. *Roseman* (1905), 165 Ind. 255, 74 N. E. 1105, 112 Am. St. 222, 6 Ann. Cas. 718; *Citizens Bank, etc.* v. *Harrison* (1891), 127 Ind. 128, 26 N. E. 683.

Appellant, in further support of its contention that the court erred in stating its conclusions of law, cites

the finding with reference to the cause in the
2, 3. Marion Superior Court, in which appellee recovered a judgment against said Zaring, for the conversion of the $1,500 in question. Based on this fact it contends that appellee has ratified the act of Zaring in converting the money to his own use, and by reason thereof is precluded from a recovery in this action. The general rule, applicable to this contention, as stated in other jurisdictions and recognized by this court is, that when an owner pursues a wrongful taker of his property by suit for damages, and obtains a judgment therein which is satisfied, then he can no longer assert a claim to the property, but the mere rendition of such judgment does not have that effect, as it is the satisfaction of the same and not its recovery, which produces such result. 38 Cyc 2112; 26 R. C. L. 1157; *Ledbetter* v. *Embree* (1895), 12 Ind. App. 617, 40 N. E. 928; *Lovejoy* v. *Murray* (1865), 3 Wall 1, 18 L. Ed. 129; *Eckert* v. *Truman* (1914), 163 App. Div. 17, 148 N. Y. Supp. 48; *John A. Tolman Co.* v. *Waite* (1899), 119 Mich. 341, 78 N. W. 124, 75 Am. St. 400; *Singer Mfg. Co.* v. *Skillman* (1890), 52 N. J. Law 263, 19 Atl. 260; *Miller* v. *Hyde* (1893), 161 Mass. 472, 37 N. E. 760, 25 L. R. A. 42, 42 Am. St. 424; *Gilman* v. *Gilby* (1899), 8 N. D. 627, 80 N. W. 889, 73 Am. St. 791. We conclude that appellant's contention in this regard is not well taken.

It is contended by appellant in its brief in its propositions or points, under the heading that the court erred in stating its conclusions of law on the facts found, that appellee tried this cause on the theory of following a trust fund, notwithstanding it is an action for money had and received; and that on such theory, appellee was not entitled to recover without a finding that appellant, at the time it received the money in payment of the indebtedness of said Zaring, had knowledge of the breach

of trust claimed.   It is also contended in its propositions
or points, under the same heading, that the judgment of
the court in certain proceedings supplemental to exe-
cution, in a former action involving the same money,
is a bar to appellee's right of recovery in this action.
It suffices to say, however, in answer to each of such
contentions, that no facts are found which support the
same, and hence such contentions cannot be sustained,
no matter what the evidence in that regard may have
been.

The remaining point made by appellant, in support
of his contention that the court erred in stating its con-
clusions of law, is based on the equitable rule
that, where one of two innocent persons must
suffer by the acts of a third, he who has enabled
such third person to occasion the loss must sustain it.
While this rule is one of general application, it has many
limitations and qualifications, and will not be applied
where the wrong was accomplished through the instru-
mentality of a criminal act.   21 C. J. 1172.   Nor will it
be applied to cast the loss upon a principal merely be-
cause the one committing the wrongful act was his
agent.   As said by Judge Cooley, in discussing the rule
under consideration:   "While the principle invoked is a
very just and proper one, it is one that must be applied
with great circumspection and caution.   Any person
may be said to put another in position to commit a fraud
when he confers upon him any authority which is sus-
ceptible of abuse to the detriment of others; but if the
authority is one with which it is proper for one man
to clothe another, negligence cannot be imputed to the
mere act of giving it."   *N. Y. Iron Mine* v. *Negaunee
Bank* (1878), 39 Mich. 644.   The facts found in this
case not only show that the said Zaring was guilty of
a crime, when he converted the money of the automo-
bile company to his own use, and applied the same in

payment of his personal indebtedness to appellant, but fails to show that said company was guilty of negligence, or was otherwise culpable, in selecting and retaining him as its treasurer and manager. It thus appears that the facts found afford no basis for an application of such rule.

Appellant predicates error on the action of the court in overruling its motion for a new trial. Of the many reasons appearing therein, we will only consider those that are statutory and properly stated. It is asserted that the decision of the court is not sustained by sufficient evidence. This contention is based on a claim that the evidence fails to show the following facts expressly found by the court: (1) That the $1,500 in question was converted by said Zaring to his own use. (2) That he applied the same in payment of his personal indebtedness to appellant. (3) That in the payments made to appellant therefrom, the said automobile company received no consideration therefor. The undisputed evidence shows that said Zaring sold the assets of said automobile company and received therefor the $1,500 in question, and that he deposited the same with appellant in his own name. This fact affords some evidence that Zaring converted the money to his own use, and, when taken in connection with other circumstances shown, requires us to accept the first finding challenged, as conclusive on appeal. The second finding challenged is not essential to appellee's right of recovery, since the fact of conversion is not dependent thereon. There is evidence tending to show a conversion of the money, regardless of its subsequent application, and hence if such finding be eliminated, as not sustained by the evidence, no cause would exist for a new trial. *Major* v. *Miller* (1905), 165 Ind. 275, 75 N. E. 159.

The third finding challenged leads us to note that, if

Zaring deposited with appellant in his own name money belonging to the automobile company, which he 9. had converted to his own use, appellant would be liable therefor to said company, unless it showed that it had parted with the money or retained the same under such circumstances as exonerated it from such liability. 27 Cyc 882; *Parker* v. *Harrison* (1910), 146 Mo. App. 329, 129 S. W. 1026; *Andrews* v. *Moller* (1885), 37 Hun 480. This might have been done by showing that Zaring, who had made the deposit as stated, withdrew the money in the usual course of business, through checks issued to himself or third parties. *Miami County Bank* v. *State, ex rel.* (1916), 61 Ind. App. 360, 112 N. E. 40. Appellant, however, does not claim that this was done, but on the contrary admits, that after Zaring had deposited the money with it in his own name, it received therefrom the sum of $1,-332.63, through the personal check of said Zaring, in payment of certain indebtedness due it. In connection with this admission, and as a justification for its retention of the money so received, it asserts that the evidence shows that the indebtedness so paid was, in fact, that of the automobile company, notwithstanding the fact that only one of the notes evidencing the same purported to have been executed by it, but bore the personal signature of said Zaring instead. If this was a fact, and appellant desired to avail itself thereof as a defense, the burden rested on it to establish the same. Appellant claims to have discharged this burden, but it should be noted that the evidence relied upon consists almost entirely of the parol testimony of said Zaring, and one Weaver, who was one of appellant's officers. Each of these, by reason of their connections with the transactions involved, were interested witnesses. This being true, and the burden being upon appellant, we cannot say that the court should have believed them,

even if it could be said that their evidence was not directly contradicted, and should have made its finding accordingly, as their credibility is not for our consideration, but was for the determination of the trial court. *Talge, etc., Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865; *Wm. P. Jungclaus Co.* v. *Ratti* (1918), 67 Ind. App. 84, 118 N. E. 966; *National City Bank* v. *Kirk* (1922), (Ind. App.) 134 N. E. 772; *Schoenfeld-Yatter Co.* v. *Cline* (1916), 64 Ind. App. 285, 115 N. E. 787; *Howard* v. *Louisville R. Co.* (1907), (Ky.) 105 S. W. 932; *Tuttle* v. *Missouri Pac. R. Co.* (1911), 86 Kans. 28, 119 Pac. 370; *Davis* v. *Judson* (1910), 159 Cal. 121, 113 Pac. 147; *Howell* v. *Harper* (1912), 86 Kans. 396, 121 Pac. 362; *Roe* v. *Davis* (1911), (Tex. Civ. App.) 142 S. W. 950. What we have just said applies with equal force to the remaining portion of the money in question, as the only evidence as to its disposition, contrary to the finding under consideration, consists of parol testimony of such a character that we cannot say on appeal that the trial court was bound to accept it as true.

The claim is made that the assessment of the amount of recovery is erroneous, being $167.37 too large. This contention is based on the fact, that as far as the evidence discloses, the only check drawn on the fund in question in favor of appellant, after its deposit in the name of said Zaring, was $1,332.63. If we could say that appellant's liability was confined to such an amount, as the evidence shows that it received from such fund, after it was so deposited by said Zaring, there might be some merit in this contention. However, its liability is not necessarily so limited, as there is evidence tending to show that the $1,500 in question, belonging to the automobile company, was converted by said Zaring to his own use when he deposited the same with appellant in his own name. In that event its liability would extend to the whole amount, in the absence of evidence

that it had disposed of the same under such circumstances as would exonerate it, as we have heretofore indicated. The burden was upon appellant to establish the facts that would have that effect, and the evidence not being conclusive in that regard, we are bound by the determination of the trial court.

Contention is made that the court erred in admitting in evidence the record of the testimony of Bertha Keilholz, given in the trial of cause No. A-1628 mentioned in the special finding of facts, but as this action of the court is not named in the motion for a new trial as one of the grounds therefor, it does not constitute available error on appeal. *New Long Distance Tel. Co. v. White* (1910), 45 Ind. App. 382, 90 N. E. 1038.

One of the reasons contained in appellant's motion for a new trial reads as follows: "The court erred in admitting any and all evidence in any way connected with Cause A-1628, which same was begun on January 9, 1918, in Marion Superior Court, Room 1, and in Cause A-1628 proceedings supplemental to execution April 9, 1918, Marion Superior Court, Room 1." The record discloses that the court admitted in evidence the complaint, answer, verdict and judgment in said cause A-1628, also the complaint and judgment in said proceedings supplemental to execution. The reason stated, therefore, is insufficient to present any question for our consideration, as it clearly violates the well-established rule, "that causes for a new trial shall be assigned with clearness, certainty, precision and particularity," and under which it has been held, that where documentary evidence is involved, it should name the particular instrument which was improperly admitted or excluded. *Ball* v. *Balfe* (1872), 41 Ind. 221; *Marsh* v. *Terrell* (1878), 63 Ind. 363; *McClain* v. *Jessup* (1881), 76 Ind. 120; *Heltonville Mfg. Co.* v. *Fields*

(1894), 138 Ind. 58, 36 N. E. 529; *Dunn* v. *State* (1904), 162 Ind. 174, 70 N. E. 521; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710; *Hooker* v. *Pease Const. Co.* (1920), 73 Ind. App. 236, 127 N. E. 156. Moreover, the record discloses that appellant introduced in evidence the complaint and judgment in the proceedings supplemental to execution, and therefore, as to its admission, appellant has no ground for complaint.

12. *Buckeye, etc., Co.* v. *Stewart-Carey, etc., Co.* (1915), 60 Ind. App. 302, 110 N. E. 710. As to the remaining items of evidence relating to said cause, which it is claimed the court erred in admitting, it suffices to say that the record fails to show that appellant made any objection to its introduction, and hence its admission cannot be made the basis of reversible error. *McCray* v. *Whitney* (1914), 56 Ind. App. 94, 104 N. E. 979.

Appellant finally contends that it is entitled to a new trial, because the court erred in permitting appellee to introduce evidence and recover on the theory of

13. money had and received, after proceeding to trial on the openly avowed theory of seeking to follow a trust fund. It suffices to say in answer to this contention, that the record fails to show by a bill of exceptions or otherwise, that appellee proceeded to the trial of the cause on such openly avowed theory. If there was such an open avowal, which appellant believed in any way prejudiced it in the trial of the cause, and on which it desired to base error, it should have brought the same into the record by a bill of exceptions, as a statement of the facts in the motion for a new trial will not suffice. *Hood* v. *Tyner* (1891), 3 Ind. App. 51, 28 N. E. 1033; *Michael* v. *State, ex rel.* (1915), 57 Ind. App. 520, 108 N. E. 173; *Ramseyer, Exr.,* v. *Dennis* (1917), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716.

We find no reversible error in the record. Judgment affirmed.

Dausman, J., dissents.

### DISSENTING OPINION.

DAUSMAN, J.—I concede that the principal opinion is correct if we are to follow the case of *Porter* v. *Roseman* (1905), 165 Ind. 255, 74 N. E. 1105, 112 Am. St. 222, 6 Ann. Cas. 718. In my opinion, however, the Porter case is utterly wrong in holding that one who receives stolen or embezzled money, in the due course of business and without fraud, acquires no title to it. Money is designed to pass freely from hand to hand in commercial and industrial transactions. It is a circulating medium of the highest rank; but the decision in the Porter case reduces it to a rank below that of negotiable instruments. The cases cited therein to sustain this feature are cases involving the law of chattels. Except in Indiana, the rule seems to be universal that where money is transferred to a *bona fide* taker by one who obtained it feloniously, the transfer being in due course of business, the *bona fide taker* acquires a good title to it as against the person from whom it was feloniously acquired. In such cases bad faith alone will defeat the title of the taker. Our state cannot afford to allow the Porter case to stand. *First Nat. Bank, etc.* v. *Gibert* (1909), 123 La. 845, 49 So. 593, 25 L. R. A. (N. S.) 631, (and note thereto) 131 Am. St. 382. I do not care to extend this opinion by further discussion or citation of authorities. This cause should have been transferred to the Supreme Court, with a recommendation that the Porter case be overruled.