Campbell *v.* Pence.

Judgment affirmed.

Filed April 18, 1889.

---

No. 13,669.

## CAMPBELL *v.* PENCE.

PARTNERSHIP.—*Agreement.—Limitation of Interest.—Rights of Third Persons.* —A partnership agreement, whereby the money and property used and accumulated in the course of the business of the firm belong exclusively to one partner, the other member to receive as compensation for his services a share of the profits merely, is not only valid between the partners, but is also binding upon persons who deal with the profit-sharing member, with knowledge of the facts.

SAME.—*Township Trustee.—Settlement with Predecessor.—Receiving Check upon Funds of Third Person.—Liability.*—A township trustee who, upon a settlement with his predecessor in office, with knowledge of the facts, receives from him a check, drawn in the name of the latter's business partner, against a fund belonging to such partner, and which the drawer is authorized to use only for matters pertaining to the partnership business, is liable, in a suit brought against him in his individual capacity, to the owner of the fund for the amount so received.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan,* for appellant.

*M. S. Robinson, J. W. Lovett, D. C. Chipman* and *M. A. Chipman,* for appellee.

OLDS, J.—The averments in the complaint in this action

are substantially as follows :    That between the 11th day of July, 1884, and the 1st day of June, 1885, the plaintiff and one Elijah J. Walden, then in life but since deceased, were engaged in the business of buying and shipping grain, in the city of Anderson, Indiana, by the name and style of Walden & Pence ; that plaintiff furnished all the money to carry on said business ; that the money was deposited by plaintiff in the Citizens' Bank of Anderson, in the name of the plaintiff and subject only to his individual check, and was only to be checked out and used to pay for grain and the necessary ex- penses of said business ; that said Walden furnished no means at any time to be used in said business, but was to as- sist in carrying on said business by devoting his time and labor thereto, and was authorized to check out of said funds to pay for grain and the necessary expenses of said business, and for no other purpose whatever ; that for such service said Walden was to receive one-half of the net profits, if any, arising out of said business, and no other compensation or interest ; that the money furnished by plaintiff and that re- ceived in the course of the business was the individual prop- erty of said plaintiff ; that at divers times between said dates the defendant, well knowing all of the above facts, received from said Walden checks on plaintiff's said account and funds which had been so deposited in said bank, from time to time, in the course of said business ; that said checks were signed in the individual name of said plaintiff ; that the defendant accepted said checks and wrongfully drew there- on at divers times the sum of six hundred and twenty-five dol- lars of plaintiff's money, and wrongfully and unlawfully converted the same to his own use and benefit, and deprived the plaintiff thereof, for the alleged payment of the individ- ual indebtedness of said Walden, and not for the payment of any claim or demand against, or for any indebtedness of, the plaintiff or arising out of said business of buying and ship- ping grain ; a bill of particulars of said sums so converted is filed with the complaint, marked " Exhibit A," and made

a part of the same. It is further averred that the defendant well knew, at the several times he received said checks and drew the money thereon and converted the same to his own use, that the same was the individual property of the plaintiff, and that said Walden had no right to draw on the same for the payment of his own debts, or for any purpose other than to pay for grain and the necessary expenses of said business. It is further averred that said checks were drawn by Walden, and said funds received and converted by the defendant, without the knowledge or consent of the plaintiff, and that he never acknowledged or ratified the same in any manner; that said sums are all due and unpaid, and defendant has failed and refused to pay the same or any part thereof. Prayer for judgment.

The defendant answered in two paragraphs; the first is a general denial, and the second is substantially as follows: That at the April election in 188–, the said Elijah Walden, mentioned in plaintiff's complaint, then in full life but now deceased, was elected township trustee for Anderson township, in Madison county, in the State of Indiana; that said Walden then and there duly qualified as such trustee by giving bond, taking the oath of office, and entering upon the discharge of his duties as such trustee, and continued to act as such until his term of office expired; that the defendant herein was duly elected on the first Monday in April, 188–, as the successor to the said Walden; that he duly and legally qualified as such township trustee for said Anderson township as aforesaid, and entered upon the discharge of his duties as the successor in office of said Walden; that afterwards the said defendant received from the said Walden, as his predecessor in office, the said sums of money mentioned in the plaintiff's complaint as moneys belonging to and due Anderson township, and remaining in the hands of said Walden; that he received the same as the trustee of said township, and in no other capacity whatever.

To the second paragraph of answer plaintiff filed a de-

murrer, which was sustained, and the ruling of the court in sustaining the demurrer is assigned as error.

It is contended by appellant that this paragraph of answer shows the money to have been received by appellant as trustee of Anderson township from his predecessor in office, as the money due the township, and that he received the same as trustee of said township, and in no other capacity ; that the plaintiff's cause of action, if he has any, is against Anderson township, and not against appellant as an individual.

We can not agree with the theory of the counsel. It was the duty of appellant to collect of his predecessor the amount due the township, and, if need be, to bring suit upon his bond, and when collected, the technical, legal title to the money would be in the appellant.

It has been repeatedly held by this court that a township trustee is more than a mere bailee of the money which comes into his hands by virtue of his office ; that he is a debtor to the State, for the use of those directly interested. *Rowley* v. *Fair*, 104 Ind. 189 ; *Linville* v. *Leininger*, 72 Ind. 491.

The complaint alleges that the money paid by Walden to appellant was the individual money of appellee, out of which Walden had no right to pay the debt due from him to the township ; that appellant received the money knowing at the time he received the same that it was appellee's money, and Walden had no right to pay it to him ; that the appellant wrongfully and unlawfully received and converted the same to his own use. It is not a good defence to the complaint to allege that appellant received the money from Walden in discharge of his indebtedness to the township, and that he received the same as trustee for the township, and in no other capacity, without controverting the facts alleged in the complaint, that the money he received was the individual money of appellee, and Walden had no interest in it, or right to pay it out in discharge of his individual indebtedness, and that appellant had full knowledge of such facts at the time he so re-

ceived the same and converted it to his own use. All the appellee was required to allege and prove was the wrongful and unlawful payment by Walden to appellant out of appellee's individual money, and that appellant had knowledge that the money so paid was the money of the appellee, and was paid to him without authority. Appellee was not required to ascertain and allege in his complaint and prove in what capacity appellant received the money. To constitute a good answer to the complaint, it was necessary to allege facts showing the right of Walden to use the money in payment of the debt he owed to the township, or such a state of facts as would estop the appellee from recovering it back. The demurrer was properly sustained to the second paragraph of answer.

The only remaining error assigned and argued is the overruling of the appellant's motion for a new trial. It is contended by counsel for appellant that the evidence does not support the verdict. This requires the court to again say that this court will not weigh the evidence; that where there is evidence tending to support the verdict this court will not interfere and reverse the judgment, although it may seem that the evidence preponderates against the verdict. The weight of the evidence is wholly a matter for the lower court.

The difficulty in this case is that the counsel for appellant had one theory and counsel for appellee another, and the jury found the theory of the appellee to be correct. Appellant contends that appellee and Walden had been in partnership for years, and during all that time Walden was township trustee, and that they used the township funds in the business, and repeatedly checked from the firm account kept in the name of appellee to pay back township funds; that appellant was the bookkeeper of the firm, and, knowing of the custom of the firm to use trust funds in the business, and to check from the account kept in the name of appellee to repay

trust funds used by Walden, he accepted the checks so given by Walden in payment of the amount Walden owed the township. But it was contended by appellee that, after appellant was elected trustee, appellee and Walden had a settlement of their partnership, in June, 1884, and then commenced business on a new basis, by which appellee was to furnish all the funds for the business, and did furnish the same, and it was deposited in bank in the individual name of appellee, with the express understanding and agreement that it should only be checked out to pay for grain and the necessary expenses of the business, and that appellant had full knowledge of this latter partnership and agreement at and before the times he received the checks and drew the money upon them. This is the theory of the complaint, and there is evidence tending to support this theory and the verdict in the case.

It is alleged in the complaint, and there is evidence tending to support the allegation, that the appellee furnished all the capital in the business, and that it was expressly agreed between appellee and Walden that the original amount put in the business, and the amount received in the course of the business, should all belong to and be the property of the appellee, and that the said Walden should receive as compensation for his services the one-half of the net profits. There can be no doubt but such a contract was valid and binding between appellee and Walden, and Walden could have acquired no title to any part of the funds except the one-half of the profits, if there were any profits. That being true, it would also be binding upon any person who had full knowledge of such agreement between appellee and Walden. If the money belonged to appellee, and appellant knew it, he could have acquired no interest or title to the money by its being paid to him by a person who he knew at the time had no right to pay it to him. *Bartlett* v. *Jones*, 49 Am. Dec. 606 ; Parsons Partnership (3d ed.), p. 48 ; Story

Partnership (5th ed.), pp. 41, 43; *Jackson* v. *Crapp*, 32 Ind. 422.

The complaint shows that Walden is dead, and that dispenses with the necessity of making him a party, even if it would be necessary to make him a party if living; the complaint shows the action to be brought by the survivor. In the case of *Bromley* v. *Elliot*, 38 N. H. 287 (75 Am. Dec. 182), the court says: " If one person advances funds, and another furnishes his personal services and skill in carrying on a trade, and is to share in the profits, this constitutes a valid partnership; neither is it essential to a partnership that it be confined to commercial business. It may exist between attorneys, conveyancers, mechanics, owners of a line of stage coaches, artisans, or farmers, as well as between merchants. It may as well exist between factors and brokers, or agents, whose sole employment relates to the property and business of third persons, as among those who jointly own the property in which they deal. There can be no valid reason why, in such case, the ownership of the goods in which a partnership deals, should not belong to one of the partners exclusively, just as well as it might to a stranger, without in any way affecting the validity of the partnership. The essence of the contract is that they should be jointly concerned in profits and loss, or in profits only, in some honest and lawful business—the relation of partners being established by the fact that they share the profits between them. They are bound as partners to third persons, by all agreements within the apparent scope of the business in which they are engaged, unless the limitations of their contracts are known to those with whom they deal, or are such as from the facts known to them, they are bound to inquire." This authority supports the doctrine that all the property with which the partners deal may be owned by one partner, and that persons having knowledge of the terms of the partnership and ownership of the property would be bound by the terms of the partnership.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

