No. 14,624.

CITIZENS BANK OF NOBLESVILLE v. HARRISON.

BANKS.—*Application of Checks.*—*Rights of Holder.*—The husband of the plaintiff, as her agent, sold some wheat for her, and received therefor from the grain merchant a check payable at the defendant bank to himself or bearer. The check was delivered to a third party to be presented to the bank for payment. Such third party, on presenting the check, claimed a certain sum of the amount represented thereby as due him, and stated that the remainder belonged to the plaintiff's husband. The bank paid the sum claimed as due and applied the remainder to a debt due from the husband to the bank.

*Held,* that the proceeds of the check belonged to the plaintiff, and that the defendant having failed to pay the same on demand, she was entitled to recover in an action for money had and received.

*Held,* also, that the plaintiff was not bound to tender her check when she demanded payment.

From the Hamilton Circuit Court.

*G. Shirts* and *A. F. Shirts,* for appellant.

*J. W. Booth,* for appellee.

BERKSHIRE, J.—The appellee was the plaintiff below. She alleges in her complaint that on a certain date she was the owner of a lot of wheat of the value of $92.15, and on said day her husband, acting as her authorized agent, sold the same to one Evans, a grain merchant, and received from him a check calling for $92.15, payable at the appellant's bank; that said check was made payable to Mel Harrison (appellee's husband) or bearer; that the appellee was not present when said check was drawn and delivered, and had no knowledge of the terms thereof; that the appellee's said husband delivered the same to one Finch with directions to present the same to the appellant for payment at its place of business; that Finch presented said check to the appellant for payment at its said place of business and demanded payment; that the appellant received said check and cashed it and deposited the amount to the credit of the appellee's

husband, and has refused to pay the said sum of money to the appellee though often requested so to do.

A demurrer was addressed to the complaint by the appellant and overruled and an exception reserved.

Thereupon the appellant filed an answer in one paragraph. The answer recites the facts as to the form in which the check was drawn and its presentation by Finch, as stated in the complaint, and alleges that at the time the check was presented the appellee's husband was indebted to the appellant by note long theretofore due, in the sum of $300; that when Finch presented the check he only claimed $5 of the amount which it called for as due to him, and in response to inquiries made by the appellant's cashier stated that the remainder belonged to Mel Harrison (appellee's husband); that the cashier then stated to Finch that he would pay to him the amount which he claimed and would deposit the remainder to the credit of Mel Harrison and apply the same to his indebtedness to the appellant; that Finch made no objection and the money was deposited and applied as stated; that no demand was made by the appellee for payment until long after the application of said money as stated; that the appellant had no knowledge of any claim upon said money by the appellee until long after its application as stated; that at no time has the appellee tendered to the appellant her check for said sum of money.

The specifications of error bring in question the rulings of the court in overruling the demurrer to the complaint and sustaining the demurrer to the answer. We think the ruling of the court in each instance was right.

If the appellant had paid the check in full to any person having control thereof, such payment would have satisfied the demand and protected the appellant, as the check was made payable to " Mel Harrison or bearer."

But the appellant made payment to no one; the attempted application of the proceeds of the check to the note of Mel

Harrison held by the appellant was a useless performance unless the money which it represented was due to him.

In view of the allegations in the complaint and the answer as well, the proceeds of the check belonged to the appellee, and it became the appellant's duty to pay the same to her on demand, and having failed so to do it became liable to an action for so much money had and received to the use of the appellee.

The fact that the appellee was the wife of Mel Harrison, the drawee named in the check, did not give to the appellant any claim to the proceeds thereof that it would not have had had the money belonged to some other person. And it will hardly be claimed that had Harrison, as the agent of some neighbor, hauled and sold a lot of wheat, and taken a check drawn in the same form as the one in question, and presented it for payment, the appellant would have had the right to apply the proceeds to Harrison's note without the consent of the person whose wheat it represented.

The appellee was not bound to tender her check when she demanded payment; the appellant already held the check of Evans, the drawer, as a receipt against his deposit account.

The judgment is affirmed, with costs.

Filed Jan. 31, 1891.