PEOPLES STATE BANK *v.* CATERPILLAR TRACTOR CO.

[No. 26,960. Filed January 11, 1938. Rehearing waived January 24, 1938.]

236

*L. Roy Zapf,* for appellant.

*Noel, Hickam, Boyd & Armstrong, Miller, Elliott & Westervelt,* and *Eugene R. Johnson,* for appellee.

FANSLER, J.—Appellee is engaged in the manufacture and sale of tractors and other machinery. Perry & Wilson Equipment Company, Inc., was engaged in the sale of such machinery in Indianapolis, and was the agent or dealer through which appellee's products were sold in the territory adjacent to Indianapolis. Appellee delivered a tractor to Perry & Wilson Equipment Company, Inc., for resale to Jay County, Indiana. It was delivered under a conditional sales agreement, by the terms of which Perry & Wilson Equipment Company, Inc., executed a note for $2,940, the wholesale price, to secure which it assigned the purchase order from Jay county, and all monies due thereunder. The resale price to Jay county was $3,734. On or about May 4, 1933, the treasurer of Jay county delivered to Perry & Wilson Equipment Company, Inc., a county warrant in the sum of $3,734. This was indorsed by Perry & Wilson Equipment Company, Inc., and deposited in appellant bank, and credited to its checking account on May 4, 1933, and was thereafter paid by the drawee. When the Jay County warrant was deposited there was a balance in the account of Perry & Wilson Equipment Company, Inc., of $577.06, and on May 4th there was a deposit, in addition to the Jay County warrant, of $33.57, and on May 5th an additional $251.90. On and prior to May 4th, Perry & Wilson Equipment Company, Inc., was indebted to appellant on a past-due note, which was unpaid on May 10th. On May 10th there was a balance

in the Perry & Wilson Equipment Company, Inc., checking account of $4,004.23. On that date there was charged against the account a check for $1,401.60 in favor of appellee, and the account was charged by appellant with $2,350, which was credited upon the past-due note, leaving a balance in the account of $252.63. The check for $1,401.60 was remitted by Perry & Wilson Equipment Company, Inc., to appellee after May 4th, to apply on indebtedness other than the tractor transaction here in question.

Thereafter, appellee made a demand upon appellant for the $2,350 which it had charged against the Perry & Wilson Equipment Company, Inc., account and credited upon its own note, upon the theory that the money was part of the $2,940 of the Jay County warrant, which was the property of appellee. Payment was refused, and appellee brought this action to recover the amount. The cause was submitted to a jury for trial, but, at the conclusion of the evidence, the court gave a peremptory instruction directing a verdict for appellee, plaintiff, in the sum of $2,350. There was a verdict and judgment accordingly.

Several errors are assigned, of which we need only notice the one which questions the overruling of appellant's motion for a new trial.

The facts outlined above are not in controversy. The principal contentions arise out of the question of whether the bank had notice that the fund in question had been assigned to and was the property of appellee. The controversy does not involve funds which the bank has paid out upon check or otherwise to third parties, but only funds which the bank still holds and which it has applied to the payment of a pre-existing debt due to itself.

It is well settled that, where money is held which, in equity and good conscience, belongs to another, an ac-

tion will lie for its recovery. *Citizens Bank of Noblesville* v. *Harrison* (1891), 127 Ind. 128, 26 N. E. 683, is a case in which a husband, acting as his wife's agent, sold wheat for her and received in payment a check payable to himself or bearer. He delivered the check to a third party, who presented it to the bank and claimed that a certain sum of the amount represented belonged to him, and stated that the remainder belonged to the plaintiff's husband. The bank paid the sum claimed due the third party, and applied the remainder on a debt due the bank from the husband. It was held that if the bank had paid the check in full to any third person it would have been protected, but that, since it made payment of the amount credited on the note to no one, the attempted application of the proceeds to the husband's note was a useless performance unless the money belonged to him. In *Porter* v. *Roseman* (1905), 165 Ind. 255, 74 N. E. 1105, it was held that, where a clerk took his employer's money without right, and paid the same to his creditor in discharge of his own notes, the money remains the property of the employer, regardless of the fact that the creditor knew nothing of the conversion when he received it, and that an action by the employer will lie to recover the money. In *Fletcher American National Bank* v. *Federal Securities Co.* (1929), 94 Ind. App. 379, 168 N. E. 599, upon a state of facts very like those presented here, a recovery against the bank was sustained. See, also, *Peoples State Bank* v. *Kelly, Rec.* (1922), 78 Ind. App. 418, 136 N. E. 30. In none of the cases referred to does it appear that the defendant had knowledge of the true ownership of the money sought to be recovered at the time it was received or appropriated.

It is clear that appellee was entitled to the money received from Jay County in payment for the tractor,

or at least to $2,940 of it. It was entitled to the identical money received, or to any property into which it had been converted. It may be, and probably is, true that the money was deposited in the name of Perry & Wilson Equipment Company, Inc., so that it might be transmitted by check, and that the deposit in bank was intended merely to provide a channel through which the money would flow to appellee. Money so converted may be pursued and recovered by the true owner, unless it has fallen into the hands of a bona fide purchaser for a valuable consideration without notice. *Bundy, Rec., et al.* v. *Town of Monticello* (1882), 84 Ind. 119. The effect of this doctrine is that, where the money or property is found in the possession of one who has parted with nothing, and who has not changed his position to his injury because of the apparent ownership of the one in possession of the money, it will be returned to the true owner. A pre-existing debt is not such a consideration as will constitute a party a bona fide holder for value, and one who receives money in payment of a pre-existing debt must therefore take it subject to prior equities. *Hewitt et al.* v. *Powers* (1882), 84 Ind. 295; *Busenbarke, Executor* v. *Ramey et al.* (1876), 53 Ind. 499; *Louthain et al.* v. *Miller* (1882), 84 Ind. 295; *Busenbarke, Executor* v. *Ramey* 89 Ind. 17; *New Albany National Bank et al.* v. *Brown et al.* (1916), 63 Ind. App. 391, 114 N. E. 486. As pointed out in *Fletcher American National Bank* v. *Federal Securities Co., supra* (page 388), the bank acquired no superior equity in the funds deposited because of the deposit, regardless of whether it knew of appellee's interest in the funds, "for it clearly appears that appellant parted with nothing, nor took any step to its prejudice, on the faith of such fund."

Appellee relies upon *Davis et al.* v. *Indiana National*

*Bank* (1920), 73 Ind. App. 563, 126 N. E. 489. If the opinion in that case was intended to declare the law to be that a banker may appropriate funds, deposited by a trustee in his own name, to the payment of the personal pre-existing debt of the trustee, and that there can be no recovery of the fund by the true owner unless the banker had knowledge of the facts at the time of the appropriation of the funds, it is so inconsistent with long and firmly established doctrine, repeatedly announced by this court, that it cannot be approved.

Perry & Wilson Equipment Company, Inc., drew a check upon its account, in which the money in question was deposited in favor of appellee, in payment of other indebtedness to appellee, and the check was paid out of the commingled funds. There was in the fund at the time $2,940, of which appellee was the equitable owner, and $1,064.23, which was the property of Perry & Wilson Equipment Company, Inc. There is a well-established rule that, where a person commingles money belonging to another, and which he holds for the benefit of another, with his own, in a bank deposit, and draws checks against the commingled funds in payment of his own obligations, it will be considered that payments were made out of his own funds. *Terre Haute Trust Company et al.* v. *Scott, Rec.* (1932), 94 Ind. App. 461, 181 N. E. 369, and cases cited. It cannot be doubted that Perry & Wilson Equipment Company, Inc., had the right to pay its other indebtedness to appellee out of its own share of the commingled funds if it so desired, and the fact that it had so used its own share of the funds would create no right in its other creditors as against appellee in that part of the funds belonging to appellee.

A deposit in bank creates a relationship of creditor and debtor between the bank and the depositor, and the

bank has the right at its option to set off its indebtedness to the depositor against any debt which may be due from the depositor to the bank. But, until the bank elects to set off, any one in favor of whom checks are drawn and paid, takes the fund free of any claim by the bank. When a check is drawn and paid out of trust funds in payment of a pre-existing debt, the bank is protected, but the funds may be recovered from the payee of the check. The rights of the parties therefore must be determined as of the time when the appellant elected to exercise its right to set-off.

On the 10th day of May the deposit account showed a balance of $4,004.23. Appellee was the owner of $2,940 of this credit, and Perry & Wilson Equipment Company, Inc., was the owner of the balance. This balance Perry & Wilson Equipment Company, Inc., had the right to check against as it saw fit, and the payee of the check would take it free of any claim by the bank, regardless of whether the check was given in payment of a pre-existing debt, or for some other purpose. In respect to that portion of the fund, no basis is seen for a distinction between a check to appellee, the equitable owner of the balance of the fund, or a stranger. But the appellant bank had the right at any time prior to the presentation and payment of a check to set off its liability to the depositor against its note, and, in so far as the depositor was the owner of the credit, such a set-off would be effective to cancel the deposit liability. If the $2,350 set-off was accomplished before the check to appellee for $1,401.60 was honored and paid, $1,064.23 of it must be treated as paid by the interest of Perry & Wilson Equipment Company, Inc., in the fund, and the remaining $1,285.77 out of the $2,940 balance of the credit which was the property of appellee, and appellee would, under such circumstances, be entitled to recover only $1,285.77. If the check was

honored and paid before the set-off, the entire set-off was against that portion of the credit equitably due appellee, and appellee was entitled to recover the full amount of the set-off, or $2,350. Appellee was the plaintiff and assumed the burden of establishing the facts showing that it was entitled to recover. The evidence disclosed that the set-off was taken and the check paid on the same day, May 10th. Which transaction occurred first is not disclosed. In the absence of evidence showing which was first, the plaintiff, appellee, was entitled to recover only $1,285.77. The peremptory instruction directed a verdict for appellee in the sum of $2,350. The facts do not justify a verdict in that amount. The instruction was therefore erroneous.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.