**OHIO CASUALTY INSURANCE COM-
PANY, Plaintiff,**

v.

**Ruth L. SMITH et al., Defendants.**

**No. 2174.**

United States District Court
N. D. Indiana,
South Bend Division.

March 8, 1960.

Roland Obenchain, Jr., South Bend, Ind., for plaintiff.

Richard D. Bonewitz, Hammerschmidt & Bonewitz, Louis M. and Bruce C. Hammerschmidt, South Bend, Ind., for defendants.

GRANT, District Judge.

Plaintiff's motion to strike rhetorical paragraphs II and IV of defendants' answer is hereby granted.

Plaintiff's motion to strike rhetorical paragraph III of defendants' answer is hereby denied for the reasons set forth below.

This is an action brought by the plaintiff to recover $81,815.64 alleged to have

been paid to the defendant, Ruth L. Smith, by one Magdalen L. Morenc for goods, wares and merchandise sold to Mrs. Morenc by the defendant. It is further alleged that Mrs. Morenc used funds of her employer, St. Joseph Bank and Trust Company, South Bend, Indiana, to whose interest the plaintiff is a subrogee by virtue of having paid the above sum to the Bank pursuant to the provisions of a policy of insurance issued by the plaintiff to the Bank. There is no allegation in the complaint that the defendant knew that the funds used by Mrs. Morenc to pay the defendant for the goods sold to her belonged to her employer.

It is the law in Indiana that where,

" * * * money or property is found in the possession of one who has parted with nothing, and who has not changed his position to his injury because of the apparent ownership of the one in possession of the money, it will be returned to the true owner. * * * " Peoples State Bank v. Caterpillar Tractor Co., 1938, 213 Ind. 235, 12 N.E.2d 123, 125.

Further,

" * * * A pre-existing debt is not such a consideration as will constitute a party a bona fide holder for value, and one who receives money in payment of a pre-existing debt must therefore take it subject to prior equities." 12 N.E.2d at page 125.

This rule, enunciated in Porter v. Roseman, 1905, 165 Ind. 255, 74 N.E. 1105 and more recently approved and followed in Peoples State Bank v. Caterpillar Tractor Co., supra, is conceded by the plaintiff to be contrary to the great weight of authority in this country. Little can be said in support of the Indiana

rule which contravenes the sound policy underlying the majority rule, that is, that money must flow freely in our economy. See 5 Ind.L.J. 195. However, it is neither the Court's intention nor purpose to criticize the rule. Neither is it necessary to overrule it in order to reach the decision announced above.

The defendants in rhetorical paragraph III of their answer assert that:

In reliance on said Magdalen L. Morenc's apparent ownership in the money received from her by the defendant, Ruth L. Smith, the said defendant, Ruth L. Smith, continued to deal, sell merchandise, goods and wares to the said Morenc without knowledge that the money used for the paying of this material was stolen, thereby changing her position to her detriment.

There is no indication in either the Porter or Caterpillar Tractor Company cases that the pre-existing debts there involved arose out of a series of business dealings comprised of sales and payments as here alleged. Although the debt in the Porter case was created as a result of "goods sold and delivered prior and subsequent to June 10, 1897", there is nothing in the opinion from which it may be concluded that any sales were made in reliance upon past payments. In the instant case the sales and collections continued for the period from 1950 to and including 1956. The defendant, Ruth L. Smith, asserts that in reliance on past payments made to her periodically by Mrs. Morenc she made repeated sales and additional extensions of credit to Mrs. Morenc.

The Court is convinced that the rule of the Porter and Caterpillar cases, being in contravention of sound public policy, should be limited to the type of factual situations presented there and should not be extended to apply to the factual circumstances involved herein.