BRADEN CORP. and Frank W. Splittorff, Appellants–Defendants,

v.

The CITIZENS NATIONAL BANK OF EVANSVILLE, Appellee–Plaintiff.

No. 82A01–9507–CV–234.

Court of Appeals of Indiana.

Feb. 19, 1996.

---

in its action for damages on an unpaid check. Specifically, the defendants raise the following issues which we restate as whether the trial court erred in: 1) concluding that Citizens is a holder in due course and therefore, is not subject to defenses of bankruptcy, failure of consideration and waiver, 2) holding Splittorff personally liable for the amount of the check and 3) awarding Citizens treble damages.

## FACTS

Splittorff was the president of two independent corporations, Braden Corp. and Polymer Technology Corp. Braden Corp. maintained a bank account at National Bank of Detroit (NBD) and Polymer Corp. had a checking account at Citizens. On November 26, 1993, Splittorff wrote and signed a check on Braden Corp.'s NBD account in the amount of $5,000.00 payable to the order of Polymer Corp. On the same day, Polymer presented the check for deposit into its checking account at Citizens, which in turn gave Polymer a provisional credit for the amount of the check. The proceeds of the check were immediately applied to pay several checks that Polymer Corp. had previously drawn on its account. Record at 113–14. Later that day, Citizens forwarded the defendants' check for collection to NBD.

On December 3, 1993, NBD dishonored the check and returned it to Citizens because there were insufficient funds in Braden Corp.'s account. In response, Citizens unsuccessfully re-presented the check for payment on that same day as well as on December 20, 1993. After NBD had dishonored the check for the third time, Kandace Morgan, an employee of Citizens, notified Braden Corp. that there were insufficient funds in its account to cover the check and requested to speak to Splittorff. Thereafter, on January 3, 1994, Splittorff met with Morgan and Jodie Kaster, another employee of Citizens, and informed them that Braden Corp.'s account had sufficient funds to cover the amount of the check. Morgan confirmed the balance of Braden Corp.'s account and made arrangements to personally present the check for payment at NBD the following day. However, also on January 3, 1994, Splittorff's son,

Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, for Appellants.

Jason P. Lueking, Bamberger, Foreman, Oswald & Hahn, Evansville, for Appellee.

## OPINION

BAKER, Judge.

Appellants-defendants Braden Corp. and Frank W. Splittorff (defendants) claim the trial court erred in granting summary judgment in favor of appellee-plaintiff The Citizens National Bank of Evansville (Citizens)

who was an officer of Braden Corp., ordered NBD to stop payment on the check. R. at 171–76. Thus, when Morgan presented the check to NBD for payment on January 4, 1994, NBD informed her that payment had been stopped and refused to honor the check. Later that day, Citizens sent Splittorff a letter demanding payment of the check.

On January 31, 1994, Citizens, who never received payment for the check, filed suit against the defendants alleging fraud and check deception and seeking to recover $5,000.00 in damages for the amount of the check, as well as treble damages, attorneys' fees and costs. On February 13, 1995, Citizens filed a motion for summary judgment claiming that it was entitled to judgment as a matter of law. After holding a hearing on the motion on March 20, 1994, the trial court granted summary judgment in favor of Citizens and entered findings of fact and conclusions of law. Specifically, the trial court concluded that Citizens was a holder in due course of the check and that the defendants are jointly and severally liable for $5,000.00 in damages for the check, $15,000.00 in treble damages, $2,400.00 in costs of collection, and court costs.

## DISCUSSION AND DECISION

### I. Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). Initially, we note that the defendants do not argue that the underlying facts of this case are in dispute. Rather, they assert that conflicting inferences can be drawn from those facts and thus, summary judgment is inappropriate. However, since the underlying facts are undisputed and because the defendants do not clearly state what the conflicting inferences are that can be drawn from the undisputed facts, resolution of this case depends only upon whether Citizens is entitled to judgment as a matter of law.

When reviewing an entry of summary judgment, we stand in the shoes of the trial court and liberally construe all properly designated evidentiary matter in favor of the nonmoving party. *Rotec, Div. of Orbitron, Inc. v. Murray Equip., Inc.,* 626 N.E.2d 533, 535 (Ind.Ct.App.1993). We will affirm the trial court's grant of summary judgment if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Fawley v. Martin's Supermarkets, Inc.,* 618 N.E.2d 10, 12 (Ind.Ct.App.1993), *trans. denied.* We observe that in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Watters v. Dinn,* 633 N.E.2d 280, 285 (Ind.Ct.App.1994), *trans. denied.* However, such findings offer this court valuable insight into the trial court's rationale for its judgment and facilitate appellate review. *Id.*

### II. Holder in Due Course Status

Initially, we note that the commercial transactions involved in the present case occurred prior to the adoption of the new version of Article 3 of the Uniform Commercial Code on July 1, 1994. Thus, Indiana's prior version of Article 3 of the Uniform Commercial Code is applicable here.

■ First, the defendants contend that the trial court erred in concluding that Citizens was a holder in due course and, therefore, not subject to their defenses of bankruptcy, failure of consideration, and waiver. IND. CODE § 26–1–3–302 [1] states:

(1) A holder in due course is a holder who takes the instrument

(a) For value; and

(b) In good faith; and

(c) Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Specifically, the defendants assert that Citizens is not a holder in due course because it

1. This statute was recodified under the new version of Article 3 at IND.CODE § 26–1–3.1–302(2).

did not give value for the check.[2] The defendants are mistaken.

The record reveals that Citizens not only gave provisional credit for the check but also permitted Polymer to draw against that credit. R. at 114. IND.CODE § 26–1–4–209 provides:

> For purposes of determining its status as a holder in due course, the bank has given value to the extent that it has a security interest in an item, provided that the bank otherwise complies with the requirements of I.C. § 26–1–3–302 on what constitutes a holder in due course.

Further, IND.CODE § 26–1–4–208 provides:

> (1) A bank has a security interest in an item and any accompanying documents or the proceeds of either:
>
> (a) in case of an item deposited in an account, to the extent to which credit given for the item has been withdrawn or applied;

Thus, when Citizens allowed Polymer to draw against the credit given for the defendants' check it acquired a security interest in the proceeds of the check to the extent of the withdrawn funds. This security interest constituted value.

■ The defendants also assert that Citizens does not qualify as a holder in due course because "[It] had the responsibility to debit the $5,000.00 back out of [Polymer Corp.'s] account once it learned the Braden check had initially been dishonored," yet failed to do so. In addition, the defendants claim that Citizens' failure to immediately debit the account following dishonor demonstrates Citizens' failure to mitigate its loss, and therefore, bars any recovery. However, the defendants fail to cite any authority, and

we find none, establishing that a bank's failure to debit an account after an initial dishonor of a check prevents it from taking the check as a holder in due course or otherwise bars recovery. Accordingly, the trial court properly determined that Citizens was a holder in due course. Furthermore, because Citizens is a holder in due course, it is not subject to the defendants' defenses of bankruptcy, failure of consideration or waiver. See IND.CODE § 26–1–3–305(1) (a holder in due course takes the instrument free from all claims to it on the part of any person). We find the trial court did not err in concluding that as a holder in due course, Citizens was entitled to judgment as a matter of law.

### III. Personal Liability

■ Next, the defendants claim that the trial court erred in holding Splittorff personally liable on the check because he was merely an authorized representative of Braden Corp. They are mistaken. IND.CODE § 26–1–3–403(2)(b) expressly provides that an authorized representative who signs his own name to an instrument is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity.

Here, the upper left hand corner of the check listed Braden Corp. as the represented entity. R. at 119. However, Splittorff, in signing his name as the drawer of the check, did not show that he was signing the check in his representative capacity. Thus, pursuant to I.C. § 26–1–3–403(2)(b), the trial court properly determined that, as a matter of law, Splittorff was personally liable for the amount of the check.[3]

---

2. The defendants also contend that Citizens is not a holder in due course because it attempted to collect payment on the check after it had been provided with notice of the stop payment order, and that this constituted bad faith. However, the record does not indicate that Citizens re-presented the check to NBD after it was informed of the stop payment order. Rather, it was not until Citizens' fourth attempt at collection, by personally presenting the check for payment, that NBD informed Citizens that the defendants stopped payment on the check. R. at 115–16. Thus, we find no merit to the defendants' argument.

3. We observe that under the new version of Article 3, specifically IND.CODE § 26–1–3.1–402(c), Splittorff would not be personally liable on the check because that statute provides:

> If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.

### IV. Treble Damages

■ Finally, the defendants argue that the trial court erred in awarding Citizens treble damages. IND.CODE § 35–43–5–5 provides in pertinent part:

(a) A person who knowingly or intentionally issues or delivers a check, a draft, or an order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception, a Class A misdemeanor.

(c) The fact that a person issued or delivered a check, a draft, or an order, payment of which was refused by the drawee, constitutes prima facie evidence that the person knew it would not be paid or honored. In addition, evidence that a person had insufficient funds in or no account with a drawee credit institution constitutes prima facie evidence that the person knew that the check, draft, or order would not be paid or honored.

Further, IND.CODE § 34–4–30–1 provides that if a person suffers a pecuniary loss as a result of the violation of I.C. § 35–43, the person may bring a civil action against the person who caused the loss for the following:

(1) An amount not to exceed three (3) times the person's actual damages.

(2) The costs of the action.

(3) A reasonable attorney's fee

    *     *     *     *     *     *

(7) All other reasonable costs of collection.

Such an action may be brought regardless of whether the defendant has been criminally convicted pursuant to I.C. § 35–43. *Browning v. Walters*, 616 N.E.2d 1040, 1047 (Ind. Ct.App.1993) (criminal conviction is not condition precedent to recover under I.C. § 34–4–30–1).

The defendants assert that they did not issue the check knowing that it would not be paid or honored by NBD and thus, they did not violate I.C. § 35–43–5–5 and cannot be held liable for treble damages. However, the undisputed facts are that NBD, the drawee, refused to pay the defendant's check due to insufficient funds. Pursuant to I.C. § 35–43–5–5(c), this constitutes prima facie evidence that the defendants issued the check knowing that it would not be paid or honored. As a result, Citizens was entitled to file a civil action seeking treble damages and the trial court did not err in awarding such damages as a matter of law. In conclusion, we affirm the trial court's grant of summary judgment in favor of Citizens.

Judgment affirmed.

ROBERTSON and RUCKER, JJ., concur.